# THE

# NEW YORK SUPPLEMENT

## VOLUME 128

---

SCHWARTZ v. SMITH et al.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. PRINCIPAL AND SURETY (§ 108\*)—DISCHARGE OF SURETY—EXTENSION OF TIME—CONSIDERATION.

To release a surety, an extension of time must be based on a valid consideration, which would preclude the creditor from enforcing his claim against the debtor, and hence a surety's discharge. cannot be predicated upon a mortgagee's alleged remark that he had extended the mortgage, where no consideration was shown for the extension.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 213–218; Dec. Dig. § 108.\*]

2. PRINCIPAL AND SURETY (§ 108\*)—DISCHARGE—EXTENSION OF TIME—CONSIDERATION.

The present payment of part of a debt due is not a valid consideration for an agreement to extend the remainder, and hence does not discharge a surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 213–218; Dec. Dig. § 108.\*]

3. PRINCIPAL AND SURETY (§ 104\*)—DISCHARGE—EXTENSION OF TIME.

Where the owner of land. subject to two mortgages secured an extension of the first on condition that he pay an increased rate of interest, the second mortgagee's consent thereto did not discharge sureties on that mortgage, for his nonconsent could not have prevented the extension.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 186, 187; Dec. Dig. § 104.\*]

4. PRINCIPAL AND SURETY (§ 99\*)—DISCHARGE—CHANGE IN OBLIGATION.

A surety of a debt secured by a second mortgage was not discharged by the act of the mortgagee consenting to an increase of the rate of interest in the first mortgage in consideration of an extension of such mortgage, as the increased rate of interest placed no greater servitude on the land, being a personal obligation of the mortgagor, and not changing the obligation of the sureties.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 160; Dec. Dig. § 99.\*]

5. PRINCIPAL AND SURETY (§ 73\*)—LIABILITY OF SURETY—EXTENT OF LIABILITY.

Where a second mortgage provided that the mortgagee might pay the interest on the first mortgage, and the first mortgage was renewed at a greater rate of interest, sureties on the second mortgage were not lia-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

128 N.Y.S.—1

ble for a payment of interest at a higher rate than the first mortgage originally provided.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 114; Dec. Dig. § 73.*]

6. APPEAL AND ERROR (§ 1176*)—DISPOSITION OF CAUSE—REVERSAL—NECESSITY OF NEW TRIAL—ISSUE OF FACT.

Though the Supreme Court reversed a judgment finding that sureties to a mortgage had been discharged because of the extension of the mortgage for valuable consideration, it cannot direct judgment for the plaintiff, as the defense that the sureties were discharged raises an issue of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4588–4596; Dec. Dig. § 1176.*]

Appeal from Special Term, New York County.

Action by Harris Schwartz against Gertrude L. Smith and Harry Phillips and others to foreclose a mortgage on real estate and to recover from the second-named defendants any deficiency that might arise upon sale. From a judgment awarding a foreclosure and dismissing the complaint as to Harry Phillips and others, plaintiff appeals. Reversed and remanded.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ. ·

Louis Manheim, for appellant.
Theodore Baumeister, for respondents.

SCOTT, J.   This is an action to foreclose a mortgage upon real estate and incidentally to recover any deficiency that may arise upon a sale of the mortgaged premises from defendants Harry Phillips, Samuel Lipman, Morris Naftolowitz, and Max Lipman, who are sought to be charged as sureties upon instruments of guaranty executed by them. The court awarded a judgment of foreclosure and sale, but dismissed the complaint as to the above-named defendants. From so much of the judgment as so dismissed the complaint, the plaintiff appeals.

The mortgage was executed on December 28, 1904, by the defendant Harry Phillips to Samuel Lipman and Morris Naftolowitz, who on May 25, 1905, assigned it to Abraham Halprin, Mendel Diamondston, and Jacob Levin, plaintiff assignors. This assignment contained a guaranty on the part of Lipman and Naftolowitz, the assignors, to Halprin, Diamondston, and Levin, the assignees, their legal representatives and assigns, of payment of the full principal sum and interest secured to be paid by said mortgage. At the same time Max Lipman, by a written instrument, also guaranteed to said assignees, their legal representatives and assigns, the full payment of said principal sum with interest. ·These guaranties inured to plaintiff's benefit upon the assignment of the mortgage to him. Harry Phillips, the original obligor, is sought to be charged as a surety, because before the commencement of the action he had conveyed the property subject to the mortgage. This mortgage was by its terms due and payable on July 19, 1907. It was recited therein that it was subject and subordinate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to a prior mortgage bearing interest at the rate of 5 per cent. per annum and payable on November 22, 1907, which was a first mortgage upon the property. After the first mortgage had become due, and on April 20, 1908, an agreement was made between its then holder, the Lawyers' Title Insurance & Trust Company, and Gertrude L. Smith, the owner of the mortgaged premises, whereby the time for the payment of the principal indebtedness was extended to April 20, 1911, "provided that the party of the second part (Smith) pays interest on said bond and mortgage from the 20th day of April, 1908, at the rate of five and one-half per cent. per annum," being an increase of one-half per cent. per annum in the rate of interest. Gertrude L. Smith accepted these terms and covenanted and agreed to pay said principal sum and interest as above set forth. Plaintiff, then as now, the owner of the bond and mortgage in suit, executed a document whereby he consented "to the extension of the foregoing mortgage, upon the terms above set forth."

The respondents claim to have been relieved from their obligations as sureties upon two grounds, both of which have been sustained at the Special Term. These grounds are: First, because, as it is said, plaintiff without their knowledge or consent extended the time of payment of the mortgage in suit; and, second, because, as they alleged, plaintiffs consent to an extension of the time of payment of the first mortgage operated to release them. Undoubtedly if plaintiff did, for sufficient consideration and without the consent of his sureties, consent to a valid extension of the time for the payment of the mortgage which they guaranteed, he has released them from their obligation as sureties. The Special Term has found that he did so consent; but, in our opinon, this finding is without support in the evidence. It rests wholly upon the testimony of Samuel Lipman, who says that plaintiff, in a casual conversation, said that he had extended the mortgage. Lipman does not pretend that plaintiff stated that he had received any consideration for such an extension, and plaintiff himself expressly and categorically denies that he ever extended the mortgage or ever received any consideration for doing so. No formal extension was produced. This is altogether insufficient evidence to establish the defense of release by extension of the mortgage. To release a surety from his obligation, the extension of time to pay the debt must rest upon a valid consideration and must be sufficient to preclude the creditor, during the extended period, from enforcing the debt against the principal (National Citizens' Bank v. Toplitz, 178 N. Y. 464, 71 N. E. 1; Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685), and the payment of a part of the amount then due does not constitute valid consideration for an agreement to extend the time for the payment of the balance (Parmelee v. Thompson, 45 N. Y. 58, 6 Am. Dec. 33).

The second ground for immunity claimed by the sureties relates to plaintiff's consent to the extension of time for the payment of the first mortgage. There can be no doubt that the owner of the property and the holder of the first mortgage were entirely competent to consent, as between themselves, to extend the time for the payment of that mortgage, and that without any consent on the part of the holder of the second mortgage. They were under no obligation to consult him, and

his refusal to consent to such an extension, or even his protest against it, would have been wholly ineffectual. As he could not have prevented such an extension, so his consent to it added nothing to its force and was an absolute nullity. It certainly had no effect upon the contract of suretyship between plaintiff and the respondents. So far as concerns the change in the interest rate upon the first mortgage, the extension agreement was so drawn as to create merely a personal covenant on the part of the owner of the land. It was not provided in terms, and there are no words leading to the implication that the additional interest was to fall within the lien of the mortgage. We are of opinion therefore that the plaintiff did not, by signing the consent to the extension of the first mortgage, affect any change whatever in the respondent's contract of suretyship. It appears that he paid an installment of interest due and unpaid upon the first mortgage, as by the terms of his mortgage he was entitled to do. If he paid it at the increased rate, as he apparently' did, he may not recover the whole sum from the sureties, but only the amount that would have been due at the mortgage, rate. We are asked by the appellant, in case we arrive at the conclusion to which we have arrived, to order judgment for the plaintiff. This we cannot do because the defense that plaintiff had agreed, for a valuable consideration, to extend the time for the payment of the mortgage in suit, involves a question of fact, as to which we cannot make a finding.

The judgment, in so far as appealed from, must therefore be reversed, and a new trial granted, with costs to appellant to abide, the event. All concur.