OILHEAT SYSTEMS, INC., Appellant, v. JOSEPH SPADARO, Respondent.

Supreme Court, Appellate Term, First Department, June 13, 1930.

*Herman Roth*, for the appellant.

*Felix A. Muldoon*, for the respondent.

PER CURIAM. Plaintiff sued for damages for breach of two written contracts. It claimed performance of its agreements and the right to extras under contract provisions. The contracts were for the installation of two oil-burner heating plants. The plants in each case consisted of a large storage tank sunk in an excavation made by plaintiff outside the building, a smaller inside tank, a burner in the furnace and necessary piping. The contracts specified the performance of various items of labor as well as the supplying of the materials. The plaintiff made certain guaranties as to the quality and accomplishment of the plants. The court below found that plaintiff failed to show performance. The evidence amply sustained the finding. Under such circumstances, the plaintiff is not entitled to recover anything on the theory of performance of its contract. (*Steel S. & E. Co.* v. *Stock*, 225 N. Y. 173.)

The defendant counterclaimed the sums paid on account. Such sums would seem properly recoverable. The trial court, however, ascertained the value of the tanks which were allowed to remain in the premises and deducted such value from the counterclaim. The plaintiff now contends that acceptance or use of these tanks constitutes an acceptance of the whole of the plant and makes defendant liable for the full contract price. It is evident, however, that the agreements herein cannot be considered solely as contracts for the sale of personal property but were essentially agreements for work, labor and services. The retention and use of one set of tanks would not excuse failure of performance by plaintiff or make defendant liable for the contract price. At most it justified holding defendant for the fair value of one set of tanks. The plaintiff was made an allowance below for two sets. Defendant having taken no appeal that allowance cannot be modified.

Judgments affirmed, with twelve dollars and fifty cents costs in each case.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.