JACOB CRISTAL, PLAINTIFF, v. AMERICAN CASUALTY COMPANY, DEFENDANT.

Argued May 7, 1930—Decided February 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the appellant, *Gerald Foley.*

For the respondent, *Joseph Susskind.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, Cristal, while passing along Belmont avenue, in the city of Newark, where the garage of one Wurzel was located, and on the opposite side of the street therefrom, was knocked down and injured by an automobile, which ran unattended from the door of the garage into, upon and across the street. He brought suit against Wurzel, and recovered a judgment for $3,092.37 as compensation for the injuries received. Being unable to collect anything from the defendant, by reason of the latter's insolvency, he thereupon instituted the present suit against the American Casualty Company, claiming that he was entitled to be paid by it the amount of the judgment secured by him against Wurzel under the provisions of an indemnity policy of insurance issued by the company to the latter. The case was tried at the Essex Circuit before Judge Smith, without a jury, and he found that the plaintiff was entitled to recover against the insurance company the amount of the judgment obtained by him against Wurzel. The defendant has appealed from the judgment entered on this finding, and the only question presented by this appeal is, What was the scope of the insurance policy upon which the plaintiff bases his right to recover from the defendant corporation?

The policy as issued imposed liability upon the company for injuries received by anyone within the garage or on the public ways immediately adjoining the same. It also contained an endorsement providing that the company should be responsible for damages on account of bodily injuries received by an individual not in the employ of Wurzel while at or within the building walls of the premises described in the policy or on the ways immediately adjoining such premises. It is argued on the part of the appellant that the

endorsement modified the provision of the policy hereinbefore set forth and is a substitute for it; and that, consequently, the liability of the corporation is limited to accidents which occur either in the garage or on private ways immediately adjoining. It is, of course, apparent that the liability specified in the provision of the policy—excluding the endorsement—is limited to accidents occurring in the garage or on public ways immediately adjoining it, and excludes liability for accidents occurring on private ways immediately adjoining the premises. We find nothing in the endorsement which suggests a modification of this provision by limiting the company's liability to accidents occurring on private ways immediately adjoining the garage. The word "private" is not contained in the endorsement. The two provisions are to be read together, and the purpose indicated by the endorsement is to extend the liability of the company to accidents occurring on private as well as on public ways adjoining the garage property.

It is further argued that the court below erroneously held that, by the provisions of the policy, the corporation was liable for accidents occurring upon a public way immediately adjacent to the garage of Wurzel, thus imposing upon the company a liability greater than is implied by the use of the words "immediately adjoining" it. In view of the stipulation submitted by both counsel as constituting a part of the case, we consider that there is nothing in this contention, even if it be conceded that the use of the word "adjacent" inaccurately describes the extent of the liability of the insurance company. The stipulation referred to is that the automobile ran "from the door of the garage to and on the sidewalk on the opposite side of the street from the garage, at which place the plaintiff was struck and injured." If it ran from the door of the garage to and upon the sidewalk, the sidewalk necessarily immediately adjoining the garage, and, being a part of the public way, was embraced in the provision of the policy.

The only other contention on the part of the appellant is that, assuming that the construction given by us to the policy

as to its scope is the proper one, and that the language used by the trial judge does not justify a reversal, the policy only covers accidents which occur on the half of the street between the center line thereof and the garage building. Just what leads counsel to this conclusion we are unable to understand from his brief. Why he should arbitrarily select the center line of the street instead of the nearest curb line, or any other line in the highway, he does not explain. The contract indemnifies against accidents happening on a public way immediately adjoining the property. Belmont avenue is a single public way from one exterior line thereof to the other, and, where the accident happens upon any part of the street immediately in front of the property described in the policy, it is an accident which happens upon a public way immediately adjoining that property.

For the reasons indicated, the judgment under review will be affirmed.