83 N.J. Super. 256 (1964)
199 A.2d 391
ADELE LENDWAY AND ERNEST LENDWAY, PLAINTIFFS,
v.
GWENDOLYN M. MUSE AND H. ROGERS MUSE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v.
HOME INDEMNITY COMPANY, THIRD-PARTY DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1964.
Decided April 15, 1964.
*257 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Edward DeSevo argued the cause for appellant (Messrs. DeSevo & Cerutti, attorneys; Mr. Lloyd F. Lombardi, on the brief).
Mr. Wood M. DeYoe argued the cause for respondents (Messrs. Stalter, Doan & DeYoe, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
On cross-motions for summary judgment the Law Division held third-party defendant Home Indemnity Company ("Home Indemnity" hereinafter) liable to indemnify defendants Muse, who are also third-party plaintiffs, on a claim for damages by plaintiffs in respect of an automobile collision near the Muses' home. Liability was based on a comprehensive homeowners' personal liability insurance policy issued by Home Indemnity to the Muses. The prime point at issue is whether the location of the accident falls within the coverage of the policy. The trial judge held that it did, and Home Indemnity appeals.
It further appears from a stipulation of facts agreed upon by the parties that defendants Muse were covered for this accident by an automobile liability insurance policy issued by Aetna Insurance Company. The real party in interest on this appeal is therefore the latter company, which seeks through defendants to compel the sharing by Home Indemnity of the burden of any liability which may be imposed against it as a result of any recovery awarded plaintiffs against defendants.
*258 Defendants own and reside at premises situate at 62 Pinelyn Road in Glen Rock. The Home Indemnity policy was issued in respect of that property. The premises occupy the northwest corner of the intersection of Pinelyn Road and Hillman Avenue. The dwelling fronts on Pinelyn Road, an east-west thoroughfare, but the attached garage faces Hillman Avenue, a north-south street, ingress and egress to and from the garage being along an east-west driveway leading to Hillman Avenue. On the occasion involved, Mr. Muse backed his wife's car out of the driveway and then onto Hillman Avenue, still backing in a northerly direction on that street for a short distance. He then drove forward, southerly, along Hillman Avenue, intending to drive directly through the intersection thereof with Pinelyn Road, when he collided in about the center of the intersection (about 75 feet from the point of forward movement of the vehicle) with the automobile of plaintiffs which was being driven in an easterly direction on Pinelyn Road.
The homeowners' policy implicated here provides for an exclusion of liability in relation "To the ownership, maintenance, operation, use, loading or unloading of (1) automobiles while away from the premises or the ways immediately adjoining, * * *." The precise question presented, thus, is whether at the time of the accident the Muse car was away from the premises or the ways immediately adjoining the premises.
There is no fair doubt that both Hillman Avenue and Pinelyn Road are public streets which, at least at some points, are ways immediately adjoining the premises insured. Cristal v. American Casualty Co., 107 N.J.L. 394 (Sup. Ct. 1931); Aetna Casualty & Surety Co. v. Fireman Fund Ins. Co., 40 Misc.2d 813, 244 N.Y.S.2d 159 (Sup. Ct. 1963); Public Service Mutual Insurance Co. v. Jacobs, 161 N.Y.S.2d 791 (Sup. Ct. 1952), affirmed 282 App. Div. 1041, 126 N.Y.S.2d 903 (App. Div. 1953), leave to appeal denied 283 App. Div. 696, 128 N.Y.S.2d 532 (Ct. App. 1954). Contra: Roach v. Soles, 120 F. Supp. 400 (N.D. Cal. 1954) (seems *259 wrongly decided). But we find no reported case dealing with liability for an intersection accident in relation to a corner premises and exclusory policy language like that in this contract of insurance (which language seems to be in common use in such policies).
The New Jersey case closest in point is Cristal v. American Casualty Co., supra. This involved a policy insuring a garage owner for liability for injuries received by anyone "within the garage or on public ways immediately adjoining the same," with an endorsement in relation to a non-employee injured "within the building walls of the premises * * * or on the ways immediately adjoining such premises." The injured party there was struck while passing on foot along the opposite side of the street by an automobile which ran unattended from the garage into, upon and across the street. In the opinion sustaining a judgment for plaintiff the court said:
"The contract indemnifies against accidents happening on a public way immediately adjoining the property. Belmont avenue is a single public way from one exterior line thereof to the other, and, where the accident happens upon any part of the street immediately in front of the property described in the policy, it is an accident which happens upon a public way immediately adjoining that property." (107 N.J.L., at p. 397)
What the court in Cristal had in mind by its phrase, "immediately in front of the property described in the policy," was more specifically, and we think in substantial accord with the same construction of "ways immediately adjoining the premises," articulated by the New York court in General Accident Fire & Life Assur. Corp. v. Woeffel, 7 Misc.2d 952, 161 N.Y.S.2d 794 (Sup. Ct. 1957). The court stated with approval the construction of the policy there contended for by the company as follows:
"[T]hat area and only that area contained within the geometrical figure formed by the intersections of the building line of any premises in question, the extensions (from each end of that building line) of the lot lines of such premises and either the curb line or the building line across the street from the premises in question * * *." (161 N.Y.S.2d, at p. 796)
*260 We agree that this constitutes a basically correct construction of the policy language. We have found no case which allows recovery for an accident occurring outside the area described by the foregoing quoted excerpt in relation to such a policy exclusion as here concerns us. Several decisions deny recovery in that fact situation even though the accident occurred on the same street (but not "in front of" the property insured). Long v. London & Lancashire Indemnity Co. of America, 119 F.2d 628 (6 Cir. 1941); General Accident Fire & Life Assur. Corp. v. Woeffel, supra; National Optical Co. v. United States Fidelity & G. Co., 77 Colo. 130, 235 P. 343 (Sup. Ct. 1925); Connolly v. Standard Casualty Company, 76 S.D. 95, 73 N.W.2d 119 (Sup. Ct. 1955) (semble); cf. United States v. Great American Indemnity Co. of N.Y., 214 F.2d 17 (9 Cir. 1954).
Strict application of the Cristal rule, as particularized by the quoted excerpt from the Woeffel case, supra, would exclude liability in the instant case. It is clear that no portion of the area of intersection of Pinelyn Road and Hillman Avenue is "immediately in front of" the Muse premises within the foregoing decisions. No portion thereof falls within any part of either Pinelyn Road or Hillman Avenue lying between the projected or extended side lot lines of the premises on either the Pinelyn Road or Hillman Avenue sides of the property. However, third-party plaintiffs invoke the familiar rule that in case of ambiguity an insurance policy should be construed in favor of rather than against coverage; that the "insured is entitled to protection to the full extent that any reasonable interpretation [of the policy] will permit." Ruvolo v. American Cas. Company, 39 N.J. 490, 498 (1963). Nowhere in their brief or argument, however, have they stated explicitly why or how the intersection area should be reasoned to be a portion of the "way immediately adjoining the property." We assume that the intent of the position urged is that the intersection area lies near or close by the premises (in this respect the intersection is equally proximate to all four intersection corner properties). However, in principle, *261 there is no difference in degree of proximity to the subject premises between the intersection area and any portion, for example, of Hillman Avenue immediately in front of the property adjacent to the Muse premises to the north. Yet it is settled beyond cavil by the cases cited above that Home Indemnity would not be obligated to the Muses for protection against liability for an accident occurring in the last specified area even if only a foot northeast of the point of intersection of the boundary line between the properties with the nearest street line. In that light, no rational basis exists for coverage of an accident in the area of the intersection of the two streets.
In the cases which deny liability for accidents occurring on the street but not "immediately in front of" the insured premises the courts stress the significance of the word "immediately," in the phrase "immediately adjoining," as taking the meaning of the phrase out of the broader connotation of "lying in proximity to or near." See, e.g., Connolly v. Standard Casualty Company, supra (73 N.W.2d, at p. 121). We are persuaded that the same consideration should apply in the interpretation of the policy language as a term of art in relation to the intersection area in the present case.
We do not believe that the average purchaser of homeowners' liability insurance reasonably expects that it covers him for liability in the event of an automobile accident occurring at a place or in circumstances such as those here presented. We would think he looks only to his automobile liability policy for such protection. Denial of coverage in the instant case so as to effectuate the fair and easily deduced intendment of the plain exclusionary language used in the policy will thus not offend the rule that insurance should "effectuate the reasonable expectations of the average member of the public who buys it." Kievit v. Loyal Protect. Life Ins. Co., 34 N.J. 475, 488 (1961).
Possibly, exceptional situations may arise in relation to abnormally shaped parcels of land or as to driveways giving directly onto street intersections which would justify a variance from the conclusion above arrived at in the light of the *262 peculiar circumstances presented in any such case. But in the case at hand we are fully satisfied that both the policy itself as written and fairly construable, and the reasonable expectations of the insured in buying it, exclude coverage.
At the argument third-party defendant sought for the first time to raise the contention, not urged in the trial court or in its appellate brief, that liability should be denied on the independent ground that at the moment that Muse completed the backward movement of his vehicle off the premises and began the forward motion of the car on the street to commence his journey away from the premises, he passed beyond the purview of the intended coverage of the policy. As we have decided the appeal in favor of Home Indemnity on the sole ground which was argued both in the Law Division and its brief here, and third-party plaintiffs have not had a fair opportunity to argue the newly raised point, we see no need or justification to explore that basis for reversal.
Reversed.
SULLIVAN, J.A.D., concurs in the result.