(No. 54193.—

UNITED STATES FIRE INSURANCE COMPANY, Appellant, v. BARBARA SCHNACKENBERG *et al.*, Appellees.

*Opinion filed November 13, 1981.*

SIMON, J., took no part.

Kenneth T. Garvey, of Purcell & Wardrope, Chtd., of Chicago, for appellant.

John C. Stiefel, of Solomon, Rosenfeld, Elliott, Stiefel & Abrams, Ltd., of Chicago, for appellees Barbara Schnackenberg and Mark Schnackenberg.

Wayne F. Plaza and Christine M. Wheelock, of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellee Maria T. Strehlow.

JUSTICE UNDERWOOD delivered the opinion of the court:

The plaintiff, United States Fire Insurance Company, filed a complaint for declaratory judgment against its insureds, Barbara Schnackenberg and her son, Mark, and the plaintiff in the underlying personal injury action, Maria T. Strehlow. The company sought a declaration that its owners,' landlords' and tenants' liability policy with the Schnackenbergs afforded no coverage for the claim asserted against them by Maria Strehlow. The company's motion for summary judgment was granted by the circuit court of Cook County, the appellate court reversed (89 Ill. App. 3d 431), and we granted the insurer leave to appeal.

Maria Strehlow alleged in her complaint that on September 3, 1975, she suffered personal injuries when struck by a bicycle ridden by Mark Schnackenberg as she was crossing the street at the intersection of Arlington Place and Clark Street in Chicago. It is undisputed that the accident took place approximately 2½ blocks from the Schnackenberg home and that the bicycle was being used for pleasure purposes.

The coverage provision of the policy covering the two-family dwelling states:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
    A. bodily injury or
    B. property damage
to which this insurance applies, caused by an occur-

rence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto * * *."

An endorsement attached to the policy states:

"1. The definition of 'insured premises' is amended to read as follows:

'insured premises' means the premises described below (2444 N. Orchard, Chicago, Illinois) or designated in the policy as subject to this endorsement, including the ways immediately adjoining and including garages and stables incidental thereto, gardens incidental thereto on land not owned by the named insured, and individual or family cemetery plots or burial vaults."

The defendants contend that the riding of a bicycle for pleasure purposes is "incidental to" the use of residential premises and that, because coverage is provided for "maintenance or use of the insured premises and all operations necessary or incidental thereto," the accident involved here is covered. They also point to the express exclusion of coverage of injuries "arising out of the use of bicycles by or on behalf of the insured for trade, professional or business purposes," and argue this exclusion of business use indicates the existence of coverage for all other uses, including bicycle riding for pleasure or recreation. Even under a restrictive policy interpretation, say defendants, the terms of the policy are ambiguous and must be construed in their favor.

Generally speaking, if a provision of an insurance contract can reasonably be said to be ambiguous it will be construed in favor of the insured and against the insurer, who was the drafter of the instrument. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330.) However, if the provisions of the insurance policy are clear and unambiguous there is no need for construction and the provisions will be applied as written. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420; *Kirk v.*

*Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367.) All the provisions of the insurance contract, rather than an isolated part, should be read together to interpret it and to determine whether an ambiguity exists. *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165; *Cobbins v. General Accident Fire & Life Assurance Corp.* (1972), 53 Ill. 2d 285.

We suspect that it is usually, if not always, possible in cases involving the interpretation of contracts as complex as the modern insurance policy to isolate particular phrases or clauses which are then urged in support of the desired result. That approach does little, however, to resolve the problem. In applying the rules of interpretation, the words in the policy should be given their plain and ordinary meaning, and the court should not search for an ambiguity where there is none.

The policy before us provides coverage for occurrences "arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto ***." The insured premises are those described (2444 N. Orchard) "including the ways immediately adjoining ***." If this language were to be thought ambiguous in any respect, the phrase which is the most likely candidate would seem to be "the ways immediately adjoining." However, a term may be unambiguous because it has acquired an established legal meaning. (17 Am. Jur. 2d *Contracts* § 249 (1964).) That is true here. Though this court has not had occasion to interpret the phrase, our appellate court and a number of other jurisdictions have done so. A review of these cases indicates that the meaning of the phrase at the time the parties entered into the insurance contract was clear and unambiguous.

*Travelers Indemnity Co. v. Bohn* (Mo. 1970), 460 S.W.2d 642, involved an automobile accident approximately 850 feet down the street from the insured's residence. The policy contained an exclusion for use of an automobile

"while away from the premises or the ways immediately adjoining." (460 S.W.2d 642, 643.) The Missouri Supreme Court had this to say of the phrase:

"We need spend little time on definitions, although defendants' counsel argue them extensively. The correct meaning of 'adjoining' seems to be: 'contiguous to'; 'in contact with'; or 'touching.' It is sometimes used loosely and incorrectly as meaning 'nearby' or 'adjacent.' [Citations.] But we need not consider this variance, for the authorities recognize and defendants seem to concede in their briefs that when the word 'immediately' is inserted before 'adjoining,' the combined words are used in their most restrictive sense, and the meaning necessarily then is that *nothing intervenes*. Counsel thus say: 'The term "immediately" implies that nothing intervenes, to quote the Court below, as amended, all makes very eminent sense,' and further say that 'ways immediately adjoining' refers to those ways 'that touch or abut the premises, as does Clark Street.' Whether conceded or not we find such to be the proper definition of 'ways immediately adjoining.'

The only question remaining is whether it is sufficient for liability that *some part* of Clark Street touches Bohn's premises, although the injury occurred elsewhere. We hold, as did the trial court, that it is not. We find, as also did the trial court but independently of it, that 'ways immediately adjoining the premises' means that portion of the way or ways which abuts or touches the premises. Only one way is in issue here, namely, Clark Street, and this means that the injury must have occurred on that part of Clark Street which abuts or touches the premises. We hold that such is the clear and reasonable meaning conveyed by the provision * * *. It simply cannot be that these words (construed with the coverage provision) would afford coverage for an injury occurring a mile, two miles, or five miles down the street. Defendants consider that question as irrelevant but we do not. Thus we, as did

the trial court, reject the theory that since the *way* touches 407 Clark Street, an injury occurring anywhere on Clark Street is covered. We do not so decide because of any presumed *intent* of plaintiff, but from what we deem to be the reasonable meaning of the words in the context of the whole policy." (Emphasis in original.) 460 S.W.2d 642, 645-46.

An annotation on premises liability also discussed the phrase in question:

"It is generally agreed that the term 'adjacent' means 'near' or 'close to'; that the term 'adjoining,' although more restrictive than the term 'adjacent,' has often been loosely used interchangeably with it; but that when the word 'immediately' modifies 'adjacent' or 'adjoining,' definite contact is meant, allowing no intervening space. In the application of these definitions, the courts have held injuries on sidewalks bounding the particularly described property to be covered by the policy, except where there is a clear indication to the contrary. And although there is authority to the contrary, a policy purporting to cover certain named premises and 'ways immediately adjoining' covers injury on the street bounding the premises, that is, injury sustained within the roadway directly in front of the property." Annot., 23 A.L.R.3d 1230, 1232-33 (1969). See also cases cited therein.

In *Illinois Conference of the United Church of Christ v. Fidelity & Casualty Co.* (1973), 10 Ill. App. 3d 178, 294 N.E.2d 776, the court found the phrase "ways immediately adjoining" to be clear and unambiguous, embracing "only the area abutting or touching the insured area" (294 N.E.2d 776, 778). See also *Caribou Four Corners, Inc. v. Truck Insurance Exchange* (10th Cir. 1971), 443 F.2d 796; *United States v. Great American Indemnity Co.* (9th Cir. 1954), 214 F.2d 17; *Farm Bureau Mutual Insurance Co. v. Sandbulte* (Iowa 1981), 302 N.W.2d 104; *Pickens v. Maryland Casualty Co.* (1942), 141 Neb. 505, 2 N.W.2d 593; *Lendway v. Muse* (1964), 83 N.J. Super. 256, 199 A.2d 391; *Cristal v. American*

*Casualty Co.* (1931), 107 N.J.L. 394, 153 A. 490; *Connolly v. Standard Casualty Co.* (1955), 76 S.D. 95, 73 N.W.2d 119.

Defendants seek escape from the generally accepted definition of "immediately adjoining" ways by focusing on their argument that pleasure bicycle riding is a use incidental to the insured premises, a predicate with which we have no quarrel, particularly when those premises are occupied by a mother and two teenaged sons. But that is not to say that coverage of bicycle riding on the premises and ways immediately adjoining continues when the rider departs therefrom, for once that argument is accepted, there is no logical geographical limit. If bicycle riding 2½ blocks away from the insured premises is a use incidental to those premises because it originated there, it is just as incidental if the rider is 2½ miles or any greater distance from home.

In short, we believe the coverage clause and the endorsement must be given their plain and unambiguous meaning. If defendants' interpretation of the coverage clause were adopted, the "insured premises" definition would be rendered meaningless for there would be no geographical limit to coverage and liability for conduct which originated on the premises and could be said to be incidental thereto. The term "insured premises" as used in the coverage clause is specifically defined in the endorsement as the two-family dwelling at 2444 N. Orchard, including the ways immediately adjoining, the generally accepted interpretation of which limits that term to the ways immediately touching or abutting the premises. There was no need to use further limiting language. In our judgment, defendant's interpretation could not have been reasonably contemplated by the parties at the time they entered into a contract, and we should not impose such open-ended coverage when the geographic limits of the policy are clear.

This court considered nearly identical language in a coverage provision in *Cobbins v. General Accident Fire & Life Assurance Corp.* (1972), 53 Ill. 2d 285 (negligent sale of

fireworks (sparklers) to an 11-year-old boy who took the fireworks to his yard, lit them, and suffered burns when a spark ignited his shirt). The opinion noted a split of authority whether coverage was limited to injuries occurring on the premises, but found the reasoning of the cases holding coverage was thus limited to be more persuasive and realistic interpretations of the insurance contract. The court rejected the argument that injuries occurring off the premises would be covered if those injuries resulted from negligence occurring on the insured premises. In the case before us not even the negligence occurred on the premises; rather, the alleged negligence, the accident, and the injury all occurred 2½ blocks away.

In rejecting plaintiff's argument, the *Cobbins* court stated:

> "A number of courts have reached an opposite conclusion because of a general attitude that most insurance policies appear to be written in confusing, unintelligible style. [Citation.] This does not, however, justify construing the contract against the insurer when no real ambiguity exists, nor does it justify distorting the meaning of words in order to reach a given result when the words should and can reasonably be given their plain, ordinary and popular meaning." (53 Ill. 2d 285, 293-94.)

Those observations, in our judgment, are appropriate here.

The judgment of the appellate court is accordingly reversed, and the judgment of the circuit court of Cook County is affirmed.

> *Appellate court reversed;*
> *circuit court affirmed.*

JUSTICE SIMON took no part in the consideration or decision of this case.