ECONOMY PREFERRED INSURANCE COMPANY, Plaintiff-Appellee, v. JUDI A. GRANDADAM *et al.*, Defendants-Appellants (John A. Twardowski *et al.*, Defendants).

Third District    No. 3—94—0703

Opinion filed October 5, 1995.

Hoffman, Mueller & Creedon, of Ottawa (George Mueller, of counsel), for appellants.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa (Michael T. Reagan, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Economy Preferred Insurance Company (Economy), brought a declaratory judgment action, seeking a determination that the pollution exclusion clause in a homeowners and personal liability insurance policy precluded coverage for alleged damage to a home and injuries to its occupants caused by mercury being spilled in the home. Plaintiffs and defendants in the underlying suit were joined together as defendants in the declaratory judgment action. After the defendants filed their response, Economy moved for judgment on the pleadings. The circuit court granted the motion, finding that the pollution exclusion unambiguously precluded coverage for the underlying claim. We affirm.

On May 21, 1992, Judi Grandadam and a number of members of her household filed suit against John and Mary Twardowski. Their complaint alleged that on October 11, 1991, the Twardowski's minor son, Tim, removed a container of mercury from the Twardowski home and brought it to the Grandadam home. The complaint further alleged that "in the course of playing with said mercury, the same became spilled in and scattered about the interior of the residence."

The complaint was in seven counts. The first count alleged property damage to the home; the other six counts were for personal injuries suffered by members of the household. All of the counts alleged various negligent acts on the part of the Twardowskis. The complaint described mercury as being toxic to human beings and stated that "when unconfined and dispersed, [mercury] is readily transported by air and by touch and it is readily absorbed into the body through the air and through the skin, as a result of touching contaminated objects." The Twardowskis tendered defense of the claim to Economy.

Economy then filed a complaint for declaratory judgment, alleging it had no duty to defend the claim, because of a pollution exclusion clause in the liability policy it issued to the Twardowskis. The exclusion was worded as follows:

"SECTION II—EXCLUSIONS

2. Coverage E—Personal Liability, does not apply to:

\* \* \*

g. any:

(1) bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants."

The policy defines a "pollutant" as any "solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." The parties to this appeal agree that mercury is a pollutant. Economy asserted in its complaint that it had no duty to defend because the Grandadams were alleging damage or injury as a proximate result of the discharge, dispersal, release, or escape of a pollutant. After the Twardowskis and Grandadams answered the complaint, Economy moved for judgment on the pleadings.

Following a hearing, the circuit court granted Economy's motion. The judge concluded that the phrasing of the exclusion was unambiguous and stated that he was not going to read any additional requirements or exceptions into the plain language of the exclusion. The defendants now appeal, claiming that the trial court erred in

finding the pollution exclusion applicable to the underlying cause of action.

■ When determining an insurer's duty to defend, a reviewing court must look to the underlying complaint and the policy of insurance; if the underlying complaint alleges facts within or potentially within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. (*Posing v. Merit Insurance Co.* (1994), 258 Ill. App. 3d 827, 629 N.E.2d 1179.) An insurer may justifiably refuse to defend only where it is apparent that the allegations fail to state any claim within, or potentially within, the scope of policy coverage. (*International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.* (1988), 168 Ill. App. 3d 361, 522 N.E.2d 758.) Where an exclusionary clause is relied upon to deny coverage, its applicability must be clear and free from doubt because any doubts as to coverage will be resolved in favor of the insured. *Trovillion v. United States Fidelity & Guaranty Co.* (1985), 130 Ill. App. 3d 694, 474 N.E.2d 953.

We begin our discussion by noting that this case involves the so-called "absolute pollution exclusion." It is referred to as "absolute" because it no longer contains an exception for releases of pollutants that are sudden and accidental. To date, no Illinois court has construed the absolute pollution exclusion. Previous Illinois cases involving pollution exclusion clauses have considered clauses with the "sudden and accidental" exception. (See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 607 N.E.2d 1204; *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 578 N.E.2d 926; *Central Illinois Public Service Co. v. Allianz Underwriters Insurance Co.* (1992), 240 Ill. App. 3d 598, 608 N.E.2d 155; *United States Fidelity & Guaranty Co. v. Specialty Coatings Co.* (1989), 180 Ill. App. 3d 378, 535 N.E.2d 1071; *International Minerals & Chemicals Corp. v. Liberty Mutual Insurance Co.* (1988), 168 Ill. App. 3d 361, 522 N.E.2d 758; *Reliance Insurance Co. v. Martin* (1984), 126 Ill. App. 3d 94, 467 N.E.2d 287.) In *Outboard*, our supreme court, following the lead of several other courts, found the term "sudden" as used in the pollution exclusion clause to be ambiguous. (See *Outboard*, 154 Ill. 2d at 120-21, 607 N.E.2d at 1218.) One court has explained the reaction of the insurance industry to such interpretations as follows:

> "Formerly, the standard pollution exclusion permitted coverage for damages resulting from the discharge, dispersal, release or escape of contaminants or pollutants when 'sudden and accidental.' Commentators have suggested that the quoted language, from the perspective of the insurance industry, was too frequently

construed in a strained or tortured fashion, in a manner which distorted the terminology and thereby 'frustrated' the intent of the industry. In addition, claims experience demonstrated enormous expense and exposure resulting from the 'explosion' of environmental litigation. [Citation.] As a result, the insurance industry structured an absolute exclusion." *Vantage Development Corp. v. American Environmental Technologies Corp.* (1991), 251 N.J. Super. 516, 525, 598 A.2d 948, 952-53.

We are now faced with construing such an exclusion. If a provision of an insurance policy can reasonably be said to be ambiguous, it will be construed in favor of the insured. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921.) However, words in a policy should be given their plain and ordinary meaning, and the court should not search for an ambiguity where there is none. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203.) When an exclusion clause is relied on to deny coverage, its applicability must be clear and free from doubt. (*Gibraltar Casualty Co. v. Sargent & Lundy* (1990), 214 Ill. App. 3d 768, 574 N.E.2d 664.) Our courts will enforce clearly drawn exclusions. *General Insurance Co. v. Robert B. McManus, Inc.* (1995), 272 Ill. App. 3d 510, 650 N.E.2d 1080.

The vast majority of courts that have examined "absolute pollution exclusions" have found them to be clear and unambiguous. (See *National Union Fire Insurance Co. v. CBI Industries, Inc.* (1995), 907 S.W. 2d 517, 522 & n.8 (and cases cited therein at note 8).) In *Alcolac Inc. v. California Union Insurance Co.* (D. Md. 1989), 716 F. Supp. 1546, 1549, the court stated "This pollution exclusion is just what it purports to be—absolute ***." Defendants try to avoid the application of the exclusion to this case under several theories, all of which we reject.

Defendants first argue that the Grandadams' underlying complaint against the Twardowskis is based in negligence, a risk covered by the Economy policy. The defendants claim that this is a case involving "a covered risk (negligence) resulting in an excluded event (release of a pollutant)." As authority, defendants cite *Jussim v. Massachusetts Bay Insurance Co.* (1993), 415 Mass. 24, 610 N.E.2d 954, in which the court used such an analysis to find that a pollution exclusion clause in a homeowner's policy did not apply to a case in which heating oil from a neighboring property seeped onto the insured's property. However, Economy points out that the *Jussim* court stated in a footnote that the case did not involve the absolute pollution exclusion clause that had recently been broadened by the insurance industry. The court noted that those clauses had generally been up-

held regardless of any negligent or accidental antecedent occurrence that might have caused the pollution or contamination. (*Jussim*, 415 Mass. at 28 n.3, 610 N.E.2d at 957 n.3.) Further, we agree with the reasoning of the court of appeals of Wisconsin in *American States Insurance Co. v. Skrobis Painting & Decorating, Inc.* (1994), 182 Wis. 2d 445, 513 N.W.2d 695. The defendant in *Skrobis* tried to argue that a pollution exclusion clause was inapplicable because the property damage arose from "negligent spilling of diesel fuel" rather than "dispersal, release or escape of pollutants." The court stated the following:

> "There is a difference between theories of liability for an occurrence and an occurrence itself. Although the theory of liability asserted may change, the occurrence that caused the injury will not. Here, application of the absolute pollution exclusion does not depend on 'theories of liability' regarding whether, in some metaphysical sense, the property damage was caused by initial negligence, subsequent pollution, or both, but merely on the fact or 'occurrence' of property damage as a result of the pollution." *Skrobis*, 182 Wis. 2d at 453, 513 N.W.2d at 698.

See also *Vantage*, 251 N.J. Super. at 528, 598 A.2d at 954 ("By its terms, the pollution exclusion is not geared to fault, responsibility or causation on the part of or by the insured. Coverage is excluded for all pollution claims no matter how caused"); *League of Minnesota Cities Insurance Trust v. City of Coon Rapids* (Minn. App. 1989), 446 N.W.2d 419, 421-22 ("once the pollutant was introduced into the occurrence, coverage was properly denied").

The defendants next argue, based on *United States Fidelity & Guaranty Co. v. Specialty Coatings Co.* (1989), 180 Ill. App. 3d 378, 387, 535 N.E.2d 1071, that the term "arising out of" in the pollution exclusion is ambiguous and that the exclusion only applies to "active polluting conduct." As to the first part of the argument, we agree with Economy and the trial court that the *Specialty Coatings* court did not find the term "arising out of" to be ambiguous. Regarding the "active polluting conduct" argument, the *Specialty Coatings* court used that phrase in distinguishing the case *International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.* (1988), 168 Ill. App. 3d 361, 522 N.E.2d 758, from the facts before it, noting that the insureds in *International Minerals* were charged with "active polluting conduct." (*Special Coatings*, 180 Ill. App. 3d at 387, 535 N.E.2d at 1077.) However, that discussion arose in the context of the *Specialty Coatings* court's construction of the "sudden and accidental" exception to the pollution exclusion clause and is in no way applicable to the facts of this case. There is no language in the exclusion limiting

it to "active polluting conduct" and we see no reason to read such an exception into the exclusion. In fact, as the *Vantage* court noted, "the policy excludes coverage for the 'escape' of pollutants, a term which to a large degree implies passivity on the part of the insured." *Vantage*, 251 N.J. Super. at 528, 598 A.2d at 954.

Defendants' final contentions were raised in violation of supreme court rules. At oral argument, this court granted defendants leave to file additional authority in support of their arguments. However, rather than file authorities that supported the arguments made in their brief, defendants made entirely new arguments. Supreme Court Rule 341(e)(7) sets out the requirements for appellants' briefs and provides, in part, "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." (134 Ill. 2d R. 341(e)(7).) It is not appropriate for defendants to raise entirely new arguments in the guise of "additional authority." However, because this is a case of first impression, we will briefly consider the defendants' additional contentions.

Defendants cite three cases. First, they claim *Atlantic Mutual Insurance Co. v. McFadden* (1992), 413 Mass. 90, 595 N.E.2d 762, is "entirely consistent with the arguments raised by [a]ppellant in this appeal." We disagree. The *McFadden* court determined that leaded paint within a home is not a pollutant. The instant defendants have conceded that mercury is a pollutant. Next, defendants state that the majority of reported cases avoid applying pollution exclusions to personal injury actions. They cite two cases in support of this proposition. *Karroll v. Atomergic Chemetals Corp.* (1993), 194 A.D.2d 715, 600 N.Y.S.2d 101, is a one-paragraph decision that is devoid of any meaningful analysis. *Thompson v. Temple* (La. App. 1991), 580 So. 2d 1133, held that a pollution exclusion in a homeowner's policy did not apply to injuries caused by carbon monoxide leaking from a bathroom heater. However, the decision was based on a Louisiana rule of construction that " 'when there is any doubt about the meaning of an agreement, the court must ascertain the common intention of the parties rather than adhering to the literal sense of the terms.' " (*Thompson*, 580 So. 2d at 1135, quoting *Sellers v. Seligman* (La. App. 1985), 463 So. 2d 697, 702.) As previously stated, in Illinois the rule is that the courts will give words in a policy their plain and ordinary meaning and will not search for an ambiguity where there is none. *Schnackenberg*, 88 Ill. 2d 1, 429 N.E.2d 1203.

Finally, we find *Thompson* to be distinguishable on another ground that we believe is important to mention. In *Thompson*, the injuries were sustained when fumes leaked from a heater, a common household item. In the case before us, a container of mercury was

brought into a house and spilled. In such a situation we have no doubt about the applicability of the pollution exclusion clause. However, we might view this case differently if mercury was released from a broken household thermostat or thermometer. It is possible that in such a situation mercury would not be considered a pollutant. However, under the peculiar facts of this case, we find that the pollution exclusion applies and Economy does not have a duty to defend in the underlying suit.

For all of the above reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER, P.J., and BRESLIN, J., concur.