106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TRANSCONTINENTAL RIGGING AND LOADING CORP., Plaintiff-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, Defendant-Appellee.
 No. 95-56266.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Jan. 22, 1997.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Transcontinental Rigging and Loading Corporation ("Transcontinental") brought a diversity action against Great American Insurance Company ("Great American"), claiming that Great American in bad faith breached an inland marine cargo insurance policy by failing to provide or pay for a legal defense in a third-party lawsuit against Transcontinental for transit damages. The district court granted summary judgment in favor of Great American, holding that the clause under which Transcontinental claims a defense gives Great American the right, but not the obligation, to provide Transcontinental with a legal defense. Transcontinental appeals, and we AFFIRM the district court's decision.
 
 
 3
 As a preliminary matter, we address Transcontinental's argument that the district court erroneously considered the laws of both California and Illinois in deciding this case. The district court cited Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc., 17 Cal.Rptr.2d 713, 716 (Cal.App.1993), as requiring it to first determine whether any conflict existed between governing California law and Illinois law. In Stonewall, the California Court of Appeal stated: "The fact that two states are involved does not in itself indicate that there is a 'conflict of laws' or 'choice of law' problem. There is obviously no problem where the laws of the two states are identical." Id. (quoting Hurtado v. Superior Court, 522 P.2d 666, 669 (Cal.1974)). Here, the district court properly determined that both states have similar rules regarding contract interpretation and that the outcome of this case would not turn on the application of the four corners rule. Thus, we hold that the district court did not err by looking to both California law and Illinois law as authoritative.
 
 
 4
 Transcontinental also claims that the district court erred by granting summary judgment in favor of Great American. The interpretation of an unambiguous insurance contract is a pure question of law for summary judgment purposes. See, e.g., Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1342 (9th Cir.1989). Because Transcontinental contends that the policy covers legal defense costs, it bears the burden of proving that the policy language is reasonably capable of the construction it asserts. See, e.g., B & E Convalescent Ctr. v. State Compensation Ins. Fund, 9 Cal.Rptr.2d 894, 909 (Cal.App.1992).
 
 
 5
 While courts are to construe policy provisions in favor of the insured, they must also accord them their plain and ordinary meaning, striving not to create ambiguity where none exists. See, e.g., United States Fire Ins. Co. v. Schnackenberg, 429 N.E.2d 1203, 1205, 1207 (Ill.1981). Here, the policy at issue clearly states that Great American has the "right," at its "option," to provide a legal defense to Transcontinental. The district court cited the definition of "right" in Webster's New Collegiate Dictionary (1981) as "2.a. the power or privilege to which one is justly entitled," and the definition of "option" as "2. the power or right to choose." Moreover, despite Transcontinental's exhortations, the court refused to read "either/or" language into the insurance contract provisions where such language did not exist, stating that Great American used "or" in other parts of the policy and hence "knew how to create alternative mandates when it wanted to." We agree with the district court.
 
 
 6
 Furthermore, Transcontinental did not present any cases supporting its position, and case law exists that clearly refutes its position. In Gribaldo, Jacobs, Jones & Assoc. v. Agrippina Verischerunges A.G., 476 P.2d 406, 414 (Cal.1970), the California Supreme Court interpreted a provision similar to that at issue here. The provision in that case stated that the insurer had the right to take over and conduct the defense of any claim, and the insured argued that a duty to defend arose from application of Cal.Civ.Code § 2778(4). The court responded:
 
 
 7
 [I]t is apparent that with respect to the duty to defend the parties have indicated by the terms of the policy an intent contrary to that expressed in subdivision 4 insofar as defendants' duty to defend is concerned. Accordingly, the policy permits defendants to undertake a defense at their option.... These provisions make it apparent that defendants had no affirmative duty to defend [the insured]....
 
 
 8
 Id. In addition, in Kienle v. Flack, 416 F.2d 693, 696 (9th Cir.1969), this court noted that a policy that gave the insurer the right to take over a lawsuit if it chose to do so did not place upon it a duty to defend. Transcontinental's argument on appeal thus fails.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3