HERITAGE INSURANCE COMPANY, Plaintiff-Appellee, *v.* VITO MARTIN BUCARO, d/b/a Milford Auto Sales & Parts, *et al.*, Defendants.—(VITO MARTIN BUCARO, Defendant-Appellant.)

First District (5th Division) No. 80-866

Opinion filed November 6, 1981.

William M. Doty, Jr., of Chicago, for appellant.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Joseph B. Lederleitner and Robert Marc Chemers, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Heritage Insurance Company (Heritage), brought a declaratory judgment action to construe the provisions of a "Manufacturers' and Contractors' Liability Insurance Coverage for Premises" policy it issued to defendant, Vito Martin Bucaro d/b/a Milford Auto Sales & Parts (Bucaro), the operator of an automobile dismantling business. The trial court found that Heritage had no duty under the insurance policy to defend or indemnify Bucaro for a tort action then pending against him. The court therefore granted Heritage's motion for summary judgment. The underlying tort action arose from the theft of an automobile from Bucaro's business premises by Calvin Sparks and Rayford Sullivan. The two subsequently collided with a motorcycle carrying Anthony and Linda Post. In the tort action, the Posts charged Sparks and Sullivan with the negligent operation of the stolen automobile, and charged Bucaro with, *inter alia*, negligently failing to remove the ignition keys from the unattended automobile. Bucaro now appeals from the order granting summary judgment on the complaint for declaratory judgment to Heritage.

The issue presented before us on appeal is whether Bucaro's alleged negligence, which led to the "off premises" automobile collision with the plaintiffs in the underlying action, falls within the coverage provided by the insurance policy issued by Heritage.

Resolution of this issue requires an examination of the pleadings in this case.

According to the complaint for declaratory judgment, the automobile collision in question occurred on July 9, 1974. This occurrence resulted from the theft of a 1966 Plymouth which was parked in front of Bucaro's place of business at 409 N. Pulaski Road, Chicago. The car had been purchased by Bucaro as junk for $25 for the purpose of salvage and destruction. The accident occurred on the Eisenhower Expressway where it intersects Des Plaines Avenue. According to the complaint in the underlying tort action, Bucaro is culpable for the accident in that he:

(1) Left a motor vehicle unattended in a location where defendant, Bucaro, knew or should have known the likelihood of such motor vehicle being stolen and causing an injury to motorists on public highways;

(2) Failed to remove the ignition keys from an unattended motor vehicle on a public highway in violation of section 11—1401 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1401);

(3) Failed to remove the ignition keys from an unattended motor vehicle on private property heavily frequented by the public, when defendant Bucaro knew or should have known the likelihood of said motor vehicle being stolen and causing injury to motorists on public highways;

(4) Placed the keys of a motor vehicle in an easily accessible location when defendant, Bucaro, knew or should have known the likelihood of said motor vehicle being stolen and causing injury to motorists on public highways;

(5) Failed to lock a motor vehicle or otherwise prevent access into it. The complaint for declaratory judgment concludes by requesting a declaration that the policy Heritage issued to Bucaro is inapplicable to the automobile collision.

Bucaro filed an answer admitting the salient facts of Heritage's complaint for declaratory judgment. Then, Heritage filed its motion for summary judgment since only the legal effect of the insurance policy was at issue. On October 9, 1979, the trial court denied this motion. However, on March 7, 1980, the trial court vacated its October 9, 1979, order and entered summary judgment for Heritage. The trial court's order recites as follows:

(a) that Heritage policy number 6LA 10567 issued by Heritage to Bucaro is inapplicable to the occurrence alleged in cause number 74 L 21330 refiled as 79 L 5822;

(b) that Heritage has no obligation to defend Bucaro in the action brought by Linda Post and Anthony Post in cause number 74 L 21330 refiled as 79 L 5822;

(c) that Heritage has no obligation to pay any judgment that may be rendered against Bucaro and in favor of Linda Post and/or Anthony Post in cause number 74 L 21330 refiled as 79 L 5822.

OPINION

In order to determine the scope of the insurance coverage provided under the policy in this case, we must examine the relevant provisions. The dispositive language reads as follows:

"Coverage A - Bodily Injury Liability
Coverage B - Property Damage Liability
The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
    A. bodily injury or
    B. property damage
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto."

One of the exclusions to the policy states that:
This insurance does not apply:
* * *

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured * * *."

The policy provides coverage for the following described hazards with respect to the premises: "Automobile Dismantling—including salvage or junking of parts, and store operations." In addition, the business of the insured is listed on the policy as "Automobile Dismantling."

Bucaro contends that his alleged negligence in leaving the keys in the unattended auto on the insured premises, which facilitated its theft and subsequent collision with the plaintiffs in the underlying action, is an occurrence falling within the terms of the policy just described. More specifically, Bucaro argues that this act of negligence is "an occurrence * * * arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto," since the auto was acquired for the purpose of salvage and dismantling—the business of the insured premises. Because Bucaro's alleged failure to remove the keys from the car may have proximately caused the collision, it is maintained that coverage under the policy applies. Heritage, of course, disagrees and contends that the policy it issued is inapplicable to these facts for two reasons. Its first argument in support of denying coverage is that the actual occurrence for which recovery is sought, the automobile collision, did not take place on the insured premises. The second argument is that the policy specifically excludes incidents arising out of the ownership and use of automobiles.

We find guidance in resolving this dispute in *Cobbins v. General Accident Fire & Life Assurance Corp.* (1972), 53 Ill. 2d 285, 287, 290 N.E.2d 873. There, our supreme court found that coverage provided for "Premises-Operations" hazards under an "Owners', Landlords' and Tenants' Liability Insurance Policy" had no application to the insured's act of negligence on the premises where the actual injury occurred off the premises. Fingerhut, the insured in that case negligently sold fireworks to the plaintiff, Bernard Cobbins, 11 years of age. Cobbins brought the fireworks (sparklers) from the store premises to his yard, lit them, and was injured when a spark ignited his shirt. The insurance policy covered incidents "caused by accident and arising out of hazards hereinafter defined." Fingerhut purchased coverage for the following hazard:
. "DIVISION 1 - Premises-Operations.
The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto." (53 Ill. 2d 285, 288, 290 N.E.2d 873, 875.)

Interpreting the insurance agreement as a whole, the court in *Cobbins* found that the negligent sale of the product, even though causally related to the injury suffered, did not fall within the applicable coverage, and that the term "accident" employed in the policy "clearly implie[d] a misfortune with concomitant damage to a victim, and not the negligence which eventually resulte[d] in that misfortune." (*Cobbins*, 53 Ill. 2d 285, 293, 290 N.E.2d 873, 878.) Instead, the incident fell within a category of hazards called "Products—Completed Operations," coverage which was not purchased by the insured. Fingerhut's policy expressly excluded coverage for injuries arising out of that category.

We likewise believe that Bucaro's conduct in leaving the keys in the automobile, while causally related to the ensuing collision away from the premises, is not an occurrence covered by the policy. In our view, the term "occurrence," used in the policy, like the word "accident" in *Cobbins*, presumes a mishap and an accompanying injury on the premises. In fact, the terms "accident" and "occurrence" have been held to be interchangeable. (*Koehring Co. v. American Automobile Insurance Co.* (7th Cir. 1965), 353 F.2d 993.) Therefore, we find that Bucaro's acts of alleged malfeasance, which contributed to an occurrence miles away from the insured premises, are not within the scope of the coverage provided in the policy. Moreover, it is evident that the policy provides coverage only for occurrences arising out of specified activities taking place on the insured premises. The activities enumerated in the policy concern operations relating to automobile *dismantling*. They do not involve occurrences dealing with automobile *acquisitions*, the activity to which Bucaro's conduct speaks.

Finally, we note that the automobile exclusion provision in the policy specifically denies coverage for bodily injury arising out of the ownership or use of automobiles. Since the injury arose from the use of an automobile, this exclusion provides further support for our holding that coverage under the policy is inapplicable to the facts of this case.

Bucaro argues that automobile acquisition is necessary or incidental to his business and that coverage should therefore apply. He also asserts that the application of the automobile exclusion clause to these facts would render the policy meaningless since all foreseeable losses in his business would arise out of the ownership and use of automobiles.

If Bucaro's first argument were accepted, however, this court would be forced to rewrite the policy to include coverage for all conceivable occurrences arising out of the insured's *business*, and not those flowing from activities that relate to the *premises*. The insurance policy in this case provides coverage solely for auto dismantling activities performed on the insured premises. No provision is made therein for occurrences away from the premises stemming from acts of negligence originating on the premises. Due to the limited nature of the policy purchased, it is

implausible to assume that protection was expected for liability of the type that has been created here. See *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491.

The argument that the automobile exclusion in the policy virtually affords the insured no coverage for any occurrences is equally without merit. Clearly, that provision is indicative of the parties' intent that coverage for an incident involving the use of the insured's automobile off the premises should not apply. When interpreted in light of the other provisions of the policy, it appears that the exclusion would not operate to deny coverage for a bodily injury arising out of the operation of an automobile on the premises if it is being used in one of the specified activities. For instance, this exclusion would not bar coverage for a claim made by the insured if one of his employees was injured during the dismantling process of the automobile. Therefore, this exclusion does not serve to negate protection for all occurrences dealing with the insured's premises.

Accordingly, we hold that the trial court was correct in granting summary judgment in favor of Heritage. Parenthetically, we also note that Heritage's contention, that no coverage is provided since the address of Bucaro's place of business (1600 N. Besley Court) differs from the one listed on the policy (409 N. Pulaski Road) was not considered to be determinative by the trial court. Hence we see no reason to consider this contention.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.