DAWN M. BURTON, Plaintiff-Appellant, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—84—0598

Opinion filed August 16, 1985.

Charles E. Lab, of Joliet, for appellant.

D. Kendall Griffith, Thomas M. Hamilton, Stephen R. Swofford, and Joshua G. Vincent, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

This is an appeal from summary judgment entered in favor of Government Employees Insurance Company denying coverage under the excess personal injury protection provisions of an automobile insurance policy issued to Dawn Burton, plaintiff, and her husband, Bradley Burton, who is deceased. .

There is no dispute as to the facts of this case. Bradley Burton died in an automobile accident in October of 1982. He was alone in his car, traveling east in the westbound lane of I-55 in Chicago, when he collided head-on with another vehicle. According to the toxicologist's report, decedent had a blood alcohol level of 173 mg% which indicated that he was intoxicated at the time of the accident.

Plaintiff Dawn Burton made a claim against the Burtons' automobile insurer, Government Employees Insurance Company, for a $2,000 funeral expense benefit and $39,000 survivor's benefits ($150 per week for 260 weeks after death). These claimed benefits were provided under the excess personal injury protection provisions of the policy. Defendant company denied plaintiff's claim, and she then filed suit in the circuit court of Will County seeking a money judgment for benefits claimed to be due, a declaratory judgment as to future survivor's benefits, and also damages for the company's vexatious refusal to pay her claim.

Plaintiff then moved the court for a partial summary judgment as to that portion of the benefits claimed to have accrued from the date

of death and for a declaration of her rights to such benefits as would accrue in the future. The court denied her motion for summary judgment. Thereafter the court determined that the denial of plaintiff's motion for summary judgment had been tantamount to the entry of summary judgment in favor of defendant and entered summary judgment in favor of defendant. In its order denying plaintiff's motion, the trial court found that "the coverage provided under the Excess Personal Injury Protection provisions of the subject policy are conditioned upon and contingent upon liability under the Basic Personal Injury Protection provisions ***."

The determinative issue presented by this appeal is whether *excess* personal injury protection benefits are contingent upon *basic* personal injury protection benefits being payable. Under the terms of the policy the basic benefits were not payable here because decedent was intoxicated.

The pertinent policy provisions are as follows:

"BASIC PERSONAL INJURY PROTECTION
The Company will pay to or for the benefit of the injured person:
  (a) Medical, Hospital and Funeral Expenses: ***."

"BASIC PERSONAL INJURY PROTECTION does not apply:
  (a) to or on behalf of any injured person where such person's conduct contributed to the injury in any of the following ways:
        * * *
  (2) while under the influence of intoxicating liquor or narcotic drugs;
  * * *."

"EXCESS PERSONAL INJURY PROTECTION
Subject to the depletion of any available corresponding insurance under BASIC PERSONAL INJURY PROTECTION, the Company will pay to or for the benefit of the named insured and any relative who sustains bodily injury caused by an accident involving a motor vehicle:
  (a) Medical, Hospital and Funeral Expenses ***
  (b) Income Continuation ***
  (c) Loss of Service ***
  (d) Survivors Benefits: if an injured person dies as a result of such injuries ***, a survivor's benefit *** must be paid:
    (1) to a surviving spouse dependent upon the deceased for income ***."

"EXCESS PERSONAL INJURY PROTECTION does not apply:

(a) to or on behalf of any injured person where such person's conduct contributed to the injury in any of the following ways:

* * *

(2) while under the influence of intoxicating liquor or narcotic drugs;

*** ''

Plaintiff contends that the trial court erred in construing the policy to allow *excess* personal injury benefits to be contingent upon liability for *basic* personal injury benefits, when the plain language of the policy indicates that the excess benefits are actually additional coverage. However, we note the policy says that excess protection is "subject to" depletion of "any corresponding insurance" under the basic protection. The policy does not say "conditioned upon" or "contingent upon" basic coverage liability.

■■■ Two rules of construction favor plaintiff's interpretation. One rule is that any ambiguities in the provisions of an insurance policy will be construed most strongly against the insurer and in favor of the insured. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921.) The second rule is that exclusionary provisions must be narrowly construed so that the insured will not be deprived of the benefit of the insurance for which she has paid except where the express terms of the policy clearly and definitely require it. (*Lenkutis v. New York Life Insurance Co.* (1940), 374 Ill. 136, 28 N.E.2d 86.) Since the excess protection in this policy is not explicitly and definitely contingent upon basic protection liability, we believe the policy must be construed to permit survivor's benefits and funeral benefits to be paid to plaintiff. Such benefits are not payable to or for the benefit of the injured insured but rather are payable to plaintiff as a named insured under the policy and, in the case of the survivor's benefits, as the surviving spouse of the decedent.

The company has argued that excess benefits are analogous to secondary coverage and thus dependent upon the existence of basic coverage which corresponds to primary coverage. However, the language of the policy does not support such a construction. Furthermore, the ambiguities that seem evident do not permit us to draw inferences from the totality of the policy terms in support of a denial of coverage, as the company urges us to do, since such ambiguities must be construed against the company and in favor of the insured.

■■ We conclude, therefore, that the exclusion of benefits in cases of intoxication of the injured insured applies only to the benefits that are payable to or for the benefit of the injured insured, and does not apply to deny excess protection benefits otherwise payable to a sur-

viving spouse who is also a named insured. The trial court erred in denying plaintiff's motion for summary judgment and in entering summary judgment on behalf of defendant company.

Accordingly, we reverse the judgment of the trial court and remand this cause for entry of judgment in favor of plaintiff upon determination of the amount of benefits due. Since the trial court has not considered the question of whether plaintiff is entitled to damages for vexatious delay resulting from the company's refusal to pay her claim, we express no opinion on that issue which remains for disposition upon remand.

Reversed and remanded.

HEIPLE, P.J., and WOMBACHER, J., concur.