[No. G022048. Fourth Dist., Div. Three. Aug. 29, 2000.]

PETER BELMONTE, Plaintiff and Appellant, v.
EMPLOYERS INSURANCE COMPANY et al., Defendants and
Respondents.

COUNSEL

Jones, Nelson, Screeton & Evidon, Jones, Nelson, Screeton & Cornforth, Guilford, Steiner, Sarvas & Carbonara and Richard E. Guilford for Plaintiff and Appellant.

Selman Breitman, Alan B. Yuter and Viiu C. Spangler for Defendants and Respondents.

OPINION

**RYLAARSDAM, J.**—Plaintiff Peter Belmonte sued defendants Employers Insurance Company and Commercial Union Insurance Companies (collectively Insurers) for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief. He alleged Insurers wrongfully refused to provide him with a defense under a commercial general liability insurance policy in an action brought by a third party. The trial court granted Insurers' motion for summary judgment, finding the policy's automobile exclusion clause precluded coverage. Since the accident arose from the use of plaintiff's vehicle, we agree the exclusion applies and therefore affirm.

## FACTS

Plaintiff owned and operated a store covered by a commercial general liability policy issued by Insurers. The policy contained a standard clause excluding coverage for bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured."

Erika Garcia, plaintiff's 16-year-old niece, who did not have a driver's license, entered his private office and, allegedly without permission, took the keys to his van. Garcia and her friend Fabiola Barajas, who worked in the store, took turns driving the vehicle around a parking lot. While Garcia was at the wheel she lost control of the van and hit Barajas, seriously injuring her. Barajas sued plaintiff alleging negligence in the use of the premises, negligent entrustment of the van, negligent failure to supervise its use, and vicarious liability for Garcia's conduct. The premises liability claim asserted plaintiff "negligently owned, maintained, managed and operated" the store by enabling Garcia to gain access to the key.

Plaintiff tendered the defense of the Barajas suit to Insurers. After Insurers refused to defend him, citing the automobile exclusion, he contended the

premises liability claim triggered the duty to defend. Insurers denied coverage, again noting the accident arose from the use of the van. Thereafter, plaintiff successfully defended the Barajas suit. This action followed.

DISCUSSION

*The Accident Arose from the Use of the Van*

■ As in every case that involves an insurer's duty to defend a third party claim, we must recognize the breadth of this duty. Even the bare possibility of coverage is sufficient to trigger it. (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [24 Cal.Rptr.2d 467, 861 P.2d 1153].) However, an insurer may refuse to defend a claim where the claim can " '. . . by no conceivable theory raise a single issue which could bring it within the policy coverage.' [Citation.]" (*Ibid.*, italics omitted; see also *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 19 [44 Cal.Rptr.2d 370, 900 P.2d 619].) Whether there is such a "conceivable theory" is a question of law. (*Peters v. Firemen's Ins. Co.* (1998) 67 Cal.App.4th 808, 811 [79 Cal.Rptr.2d 326].) ■ Plaintiff contends that his alleged negligence in controlling the premises asserted conduct separate from his alleged negligence in controlling the van and that the exclusion therefore does not absolve Insurers from their duty to defend.

If the Barajas complaint alleged two separate acts of negligence, one arising out of the use of the vehicle, the other not, *State Farm Mut. Auto. Ins. Co. v. Partridge* (1973) 10 Cal.3d 94 [109 Cal.Rptr. 811, 514 P.2d 123] would govern. In *Partridge* the insured filed down the trigger mechanism of his pistol so that it had a "hair trigger." While driving his vehicle with two companions as passengers, the insured spotted a rabbit crossing the road. He chased after the rabbit, carrying the pistol in his lap. The vehicle hit a bump, the gun discharged, and one of the passengers was injured. The insured had both an automobile insurance policy and a homeowners policy, the latter with the same exclusion as is involved in the present case. There, as here, the homeowner insurer argued the accident arose out of the use of an automobile and therefore its policy did not cover the claim.

Our Supreme Court disagreed and held that, even though the accident occurred in a vehicle, the homeowners policy covered the claim because the insured's modification of the gun sufficed to establish liability. It stated "inasmuch as the liability of the insured arises from his non-auto-related conduct, and exists independently of any 'use' of his car, we believe the homeowner's policy covers that liability." (*State Farm Mut. Auto. Ins. Co. v. Partridge, supra,* 10 Cal.3d. at p. 103.) The *Partridge* court noted that

"coverage under a liability insurance policy is equally available to an insured whenever an insured risk constitutes simply *a* concurrent proximate cause of the injuries." (*Id.* at pp. 104-105, fn. omitted.)

We disagree with plaintiff that *Partridge* governs here. Garcia's use of the van constituted the single proximate cause of Barajas's injury. As noted, *Partridge* was predicated on the proposition that the insured's negligent modification of the gun alone was sufficient to establish liability. Here the allegedly negligent conduct that permitted access to the key would not be sufficient of itself to establish liability. The theft of the key was not a proximate cause of the accident separate from the use of the vehicle.

The facts surrounding this case are more closely analogous to those in *Safeco Ins. Co. v. Gilstrap* (1983) 141 Cal.App.3d 524 [190 Cal.Rptr. 425]. There the insureds negligently enabled their 14-year-old son to gain access to a motorcycle. The injured party argued this constituted a negligent entrustment of the motorcycle and, citing *Partridge*, claimed the entrustment was an act separate from the use of the vehicle. The appellate court disagreed. It noted that in *Partridge* the insurer had "conceded the obvious—that if the gun had accidentally fired while the insured was walking down the street or running through the woods, any resultant damage would have been covered by the homeowner's policy." (*Safeco*, at p. 527.) The act of "entrusting" the motorcycle to the 14 year old could not cause the injury but for the use of that vehicle: "The conduct of the [parents] in negligently entrusting the vehicle to their minor son was an act separate only in the fact that it preceded the collision. This conduct cannot be disassociated from the use of the vehicle itself." (*Id.* at pp. 527-528.)

So here, plaintiff's alleged negligence in permitting Garcia to obtain the key was conduct separate only in the fact that it preceded the collision; it cannot be disassociated from the use of the vehicle itself. In the words of *Safeco*, "Conduct which is dependent upon and related to the use of the vehicle cannot be deemed an independent act . . . ." (*Safeco Ins. Co. v. Gilstrap, supra,* 141 Cal.App.3d at p. 528.) Neither the negligent entrustment in *Safeco* nor the negligent failure to protect the keys from unauthorized persons in the present case can be disassociated from the use of a vehicle.

*The Exclusion Is Not Limited to Use by the Named Insured*

█ Without citing any authority other than the general proposition that coverage exclusions are construed strictly against the insurer, plaintiff also argues that the exclusion for use of the vehicle is limited to use by the named insured. Because he was not operating the vehicle himself, he argues, the exclusion does not apply.

We agree exclusions are generally construed strictly against the insurer. (*ML Direct, Inc. v. TIG Specialty Ins. Co.* (2000) 79 Cal.App.4th 137, 142 [93 Cal.Rptr.2d 846].) But coverage is precluded when the exclusionary language is explicit. (*Id.* at p. 141.) Words in an insurance policy must be understood in their ordinary sense. (*Scott v. Continental Ins. Co.* (1996) 44 Cal.App.4th 24, 28 [51 Cal.Rptr.2d 566].) The policy at issue in this case expressly excludes bodily injury "arising out of the . . . use of any 'auto' . . . owned or operated. . . by any insured." Barajas's injuries arose out of Garcia's use of the van owned by plaintiff. The exclusion bars coverage.

The only case we found dealing with the scope of the word "use" in the exclusion is *Heritage Ins. Co. v. Bucaro* (1981) 101 Ill.App.3d 919 [57 Ill.Dec. 299, 428 N.E.2d 979]. It is in accord with our conclusion. *Bucaro* involved the interpretation of an exclusionary clause identical to the one which confronts us here and noted, inter alia, that an accident caused by a person who had stolen the vehicle was excluded: "Since the injury arose from the use of an automobile, this exclusion provides further support for our holding that coverage under the policy is inapplicable to the facts of this case." (*Id.* at p. 982.) So here. The accident arose out of the use of the vehicle.

*Insurers Did Not Owe a Duty to Defend Plaintiff*

The fact that Garcia found the keys at plaintiff's desk rather than in the parking lot or in the van's ignition is irrelevant to the coverage issue. The fact that someone other than plaintiff used the van is equally irrelevant to that issue. Bajaras's injuries resulted solely from Garcia's use of plaintiff's van. Applying the plain meaning of the policy's automobile use exclusion language to the test of *Montrose Chemical Corp. v. Superior Court, supra,* 6 Cal.4th at page 300, there was no conceivable theory which would avoid its effect. Insurers did not owe a duty to defend the Bajaras suit.

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Crosby, Acting P. J., and Bedsworth, J., concurred.