NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ATAIN SPECIALTY INSURANCE
COMPANY, a Michigan corporation,

Plaintiff-Appellee,

v.

ARMORY STUDIOS, LLC, a California
limited liability company; PETER
ACWORTH, an individual,

Defendants-Appellants.

No.    19-15745

D.C. No. 3:15-cv-05124-JD

MEMORANDUM*

ATAIN SPECIALTY INSURANCE
COMPANY, a Michigan corporation,

Plaintiff-Appellant,

v.

ARMORY STUDIOS, LLC, a California
limited liability company; PETER
ACWORTH, an individual,

Defendants-Appellees.

No.    19-15820

D.C. No. 3:15-cv-05124-JD

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 15, 2020
San Francisco, California

Before: SILER,[**] TALLMAN, and LEE, Circuit Judges.

The district court held that Atain Specialty Insurance Company (Atain) did not have a duty to defend Armory Studios, LLC (Armory) and Armory's principal, Peter Acworth, in underlying state court lawsuits and that Atain is not entitled to reimbursement of a settlement paid in one of those underlying lawsuits, *Adams v. Kink.com, et al.*, No. CGC–15–547035 (San Francisco Super. Ct.). We affirm.

First, we conclude that the district court did not err when it determined that Atain had no duty to defend Armory or Acworth in the underlying lawsuits. Under California law, an insurer must defend its insured against a third-party lawsuit if there is a "bare possibility of coverage." *Belmonte v. Emp'rs Ins. Co.*, 99 Cal. Rptr. 2d 661, 663 (Cal. Ct. App. 2000). Therefore, we compare "the allegations of the complaint with the terms of the policy" and determine whether the facts alleged together with the facts known to the insurer at the inception of a lawsuit or tender of defense reveal a possibility that the claim is covered. *Montrose Chemical Corp. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993) (en banc).

Atain argues that the "Physical-Sexual Abuse Exclusion" precludes coverage.

---

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The exclusion precludes coverage of "any 'occurrence,' suit, . . . or causes of action arising out of or resulting from the physical abuse, sexual abuse or licentious, immoral or sexual behavior intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by: The insured or the insured's employees . . . ." Here, the exclusion applies because the state court complaints asserted that Armory and Acworth were liable for the plaintiffs' contraction of HIV while plaintiffs were engaging in sexual acts at the direction of Armory and Acworth, among others. And the omissions clause precludes causes of action arising out of any sexual act that resulted from the omission of the insured, which covers the complaint allegations that Armory and Acworth failed to discover dangerous conditions caused by their tenants and failed to ensure their tenants were following required procedures. Thus, Atain had no duty to defend against any causes of action.

Second, we conclude that Atain is not entitled to reimbursement of the *Adams* action settlement. To be entitled to reimbursement Atain must show that it satisfied each of the following requirements: "(1) a timely and express reservation of rights; (2) an express notification to the insureds of the insurer's intent to accept a proposed settlement offer; and (3) an express offer to the insureds that they may assume their own defense when the insurer and insureds disagree whether to accept the proposed settlement." *Blue Ridge Ins. Co. v. Jacobsen*, 22 P.3d 313, 320–21 (Cal. 2001). Atain

19-15745

did not satisfy the third requirement because it never made an express offer to Armory that it could assume its own defense. Therefore, Atain is not entitled to reimbursement of the *Adams* action settlement.

Each party to bear its own costs.

**AFFIRMED**.