2023 IL App (3d) 190722

Opinion filed August 23, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| McCANN PLUMBING, HEATING & COOLING, INC., an Illinois Corporation; ANDREW R. McCANN; and WENDY McCANN, | ) ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Iroquois County, Illinois, |
| | ) | Appeal No. 3-19-0722 |
| Plaintiffs-Appellants, | ) | Circuit No. 19-L-10 |
| | ) | |
| v. | ) ) ) | Honorable James B. Kinzer, Judge, Presiding. |
| PEKIN INSURANCE COMPANY, an Illinois Corporation, | ) ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____

JUSTICE ALBRECHT delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice McDade concurred in the judgment and
opinion.

_____

**OPINION**

¶ 1        Plaintiffs, McCann Plumbing, Heating & Cooling, Inc.; Andrew R. McCann; and Wendy

McCann, brought an action in the circuit court of Iroquois County against defendant, Pekin

Insurance Company, for breach of an insurance contract and sought declaratory judgment.

Defendant filed a counterclaim against plaintiffs seeking declaratory judgment. The circuit court

entered judgment in defendant's favor. We affirm.

I. BACKGROUND

The parties do not dispute the essential facts giving rise to this lawsuit. Andrew R. McCann and Wendy McCann own a commercial building located at 119 Chestnut Street in Onarga, Illinois. They purchased the building in 2011 to use for McCann Plumbing, Heating & Cooling, Inc., their heating, ventilation, and air conditioning business. At the time of purchase, the building was surrounded by two uninhabited properties to its north and south. The record indicates that this area encountered bouts of flooding.

Pekin Insurance Company (Pekin) is a licensed provider of personal and business insurance and provides insurance policies to the residents of Illinois. The McCanns and Pekin entered into a commercial lines insurance policy with a period of coverage from November 4, 2017, through November 4, 2018. The policy provided insurance coverage for "direct physical loss of or damage to" the covered property, which included the McCanns' building and their business's tangible property stored in the building. The policy listed several exclusions where Pekin would not pay for losses or damages incurred.

At some time prior to January 23, 2018, the Village of Onarga declared that the building adjacent and to the south of the McCanns' property was in an unsafe or unsanitary condition. The Village then ordered the building to be demolished.

On January 23, 2018, a contractor retained by the Village demolished the building. While the record does not provide a detailed description, the parties have stipulated that, in the course of the adjacent building's destruction, the McCanns' building was damaged, leaving a portion of their building open to the elements. The extent of damage incurred by the McCanns' building as a result of the adjacent building's demolition remains in dispute. The Village initially communicated a willingness to fix the damage. But upon inspection, a building code

administrator for the Village informed the McCanns that repairing the damaged wall would not resolve various structural issues found. The McCanns sought coverage from Pekin for damage incurred from the January 23, 2018, demolition.

¶ 7        In response to the McCanns' claim, Pekin tendered a letter on March 21, 2018, denying coverage for damage resulting from the demolition based on several exclusionary provisions of their policy, including the governmental action exclusion, which provides in relevant part:

> "We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> * * *
>
> c. Governmental Action
>
> Seizure or destruction of property by order of governmental authority.
>
> But we will pay for acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread, if the fire would be covered under this Coverage Part."

¶ 8        On June 4, 2019, plaintiffs filed a three-count complaint. Count I alleged breach of contract, count II sought declaratory judgment, and count III alleged improper claims practice under sections 154.6 and 155 of the Illinois Insurance Code (215 ILCS 5/154.6, 155 (West 2018)). All three counts pertained to Pekin's denial of coverage for the damage incurred to the McCanns' building as a result of the January 23, 2018, demolition.

¶ 9        On August 2, 2019, Pekin answered plaintiffs' complaint and filed a counterclaim seeking declaratory relief of its own. That is, pursuant to several exclusionary provisions including the governmental action provision, Pekin sought a judicial declaration that it had no

duty to provide coverage based on the loss incurred to the McCanns' building. The McCanns answered Pekin's counterclaim for declaratory judgment on August 30, 2019.

¶ 10     Soon after, the McCanns filed a motion for partial judgment on the pleadings. Pekin concurrently filed a response to the McCanns' motion and its own motion for judgment on the pleadings on October 15, 2019. The cross-motions for judgment on the pleadings largely recited the parties' respective prior arguments. The McCanns asserted the exclusions sought by Pekin were inapplicable to the instant matter, as damage to the McCanns' building was not rendered pursuant to the Village's order. Pekin argued that the policy language offers a clear and unequivocal demonstration that the governmental action exclusion applies and that the McCanns are excluded from coverage. On October 22, 2019, the McCanns filed a combined reply in support of their initial motion and response to Pekin's cross-motion.

¶ 11     A day later, arguments were held on the parties' cross-motions. Although the parties argued the applicability of other provisions within the policy, the circuit court's ruling, as noted in its record sheet entry, was limited to a judgment on the applicability of the governmental action exclusion. In granting Pekin's motion for judgment on the pleadings, the circuit court found that "the government[al] act[ion] exclu[sion] applies" and dismissed the case.

¶ 12     The McCanns timely appealed this ruling.

¶ 13                                             II. ANALYSIS

¶ 14     On appeal, the McCanns argue that, because the Village's demolition order was for the adjacent lot, the Village did not order the destruction or damage to the McCanns' building. Nor could the order authorize the damage, as the McCanns assert, because there are defined statutory measures a municipality must take prior to issuing a lawful destruction of a building. The Village did not take these necessary steps to destroy or demolish their building. In sum, the McCanns

4

suggest that, because the Village neither issued a demolition order for their commercial building nor had the authority to cause damage to it pursuant to its demolition order concerning the adjacent property, the governmental action exclusion is inapplicable.

¶ 15　　　　The McCanns devote considerable attention to the phrase "by order of government authority," contending that, based on the foregoing, the language does not apply to the damage their building incurred. In doing so, they focus on the wrong portion of the exclusion. Neither party disputes that the Village's directive to demolish the adjacent property constitutes an "order of governmental authority." The parties stipulate that on or about January 23, 2018, the adjacent building was demolished. Both parties also agree, at least to some extent, that the McCanns' property incurred damage as a result of the adjacent building's destruction.

¶ 16　　　　The central issue, rather, is whether this damage was caused "directly or indirectly" from the destruction and whether that damage falls within the purview of the governmental action exclusion under the parties' commercial lines insurance policy. For the reasons that follow, we hold that it does.

¶ 17　　　　We review a judgment on the pleadings *de novo*. *Pekin Insurance Co. v. Miller*, 367 Ill. App. 3d 263, 265 (2006). The construction of an insurance policy, as a question of law, is also subject to *de novo* review. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004).

¶ 18　　　　An insurance policy is a contract and is governed by the rules of contract interpretation. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). Accordingly, our primary objective when construing the language of an insurance policy "is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy." *Rich v. Principal Life Insurance Co.*, 226 Ill. 2d 359, 371 (2007). In interpreting a policy's language, "[a]ll the

5

provisions of the insurance contract, rather than an isolated part, should be read together to interpret it and to determine whether an ambiguity exists." *United States Fire Insurance Co. v. Schnackenberg*, 88 Ill. 2d 1, 5 (1981). We assign the plain, ordinary, and popular meaning to the undefined terms in the policy, *i.e.*, the terms "will be construed with reference to the average, ordinary, normal, reasonable person." *Sproull v. State Farm Fire & Casualty Co.*, 2021 IL 126446, ¶ 19.

¶ 19      Courts "must *** narrowly construe[ ]" exclusionary provisions—provisions absolving an insurer from liability—to not deprive the insured from the coverage benefit for which he or she has paid. *Burton v. Government Employees Insurance Co.*, 135 Ill. App. 3d 723, 726 (1985). An exclusionary provision will only deprive an insured coverage where "its terms are clear, definite, and specific." *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 393 (2005). Conversely, if the language in the policy is "susceptible to more than one reasonable interpretation, [it is] ambiguous" and will be strictly construed against the insurer. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108 (1992).

¶ 20      As the party seeking the exclusion, the burden remains on the insurer "to show that a claim falls within a provision of the policy that excludes coverage, and an exclusion relied upon to deny coverage must be free and clear from doubt." *West Bend Mutual Insurance Co. v. Rosemont Exposition Services, Inc.*, 378 Ill. App. 3d 478, 486 (2007). Otherwise, coverage will be resolved in favor of the insured. See *Economy Preferred Insurance Co. v. Grandadam*, 275 Ill. App. 3d 866, 869 (1995). However, the rule of liberal construction in favor of coverage only applies when the policy is ambiguous, and courts "will not [create] ambiguity where none exists." *Hobbs*, 214 Ill. 2d at 17; *Allstate Insurance Co. v. Mathis*, 302 Ill. App. 3d 1027, 1029 (1999).

¶ 21    This issue is one of first impression. There is no binding authority in Illinois interpreting the applicability of the governmental action exclusion, and as consequence, there is no Illinois caselaw offering guidance on whether this exclusion may be broadly applied to exclude losses incurred ancillary to a governmental order.

¶ 22    The commercial lines insurance policy before us features the adverbial phrase "directly or indirectly" modifying the verb "caused" within the preamble sentence for the exclusions: "We will not pay for loss or damage caused directly or indirectly by any of the following." While not necessary to the inherent meaning of the verb "caused," these terms serve as adjuncts, which "may be optionally added to almost any clause" and are "important to help the [read]er understand the flow of the story, the time or place of an event, the way in which an action was done, etc." Paul R. Kroeger, Analyzing Grammar: An Introduction 58 (2005). In short, this phrase provides context to the manner and limitations (or perhaps boundlessness) of the predicate.

¶ 23    The relevant exclusionary provision, "destruction of property by order of governmental authority," contains two noun phrases tethered by a preposition. The first noun phrase's contours are defined through a complemental prepositional phrase. That is, dissimilar to the adjunctive "directly or indirectly" from the preamble sentence, the prepositional phrase "of property" is "selected by" and offers necessary context to the word "destruction."[1] Kroeger, *supra* at 87. This phrase is the focus of the exclusion. For the exclusion to apply, however, it is necessary that the destruction of property be carried out through an order of governmental authority.

---

[1]Destruction is defined as "The act or process of demolishing, devastating, or overthrowing ***." Black's Law Dictionary (11th ed. 2019).

¶ 24    Considering the preamble sentence and the relevant exclusion together, we find, at a minimum, that the McCanns' property damage is a loss that grew out of and was therefore "caused *** indirectly" from the destruction of property. Further, we find that the McCanns' loss falls under the governmental action exclusion because the damage stems from the Village's demolition order.

¶ 25    Based on the foregoing, we cannot say the phrase "caused directly or indirectly" is ambiguous. The terms within the policy, namely the pairing "caused *** indirectly," are undeniably broad and may lead to unsatisfactory results, but they are nonetheless clear. While sweeping in its absolution, the parties agreed to these provisions, and there is no indication within the record that the parties intended to limit the application of this exclusion when agreeing to the policy, either through the inclusion of limiting language or otherwise. Considered in its entirety, the plain, ordinary, and popular meaning of the policy supports our reading that the damage incurred was an indirect result caused by the destruction of the adjacent property. We believe the McCanns' alternative reading would manufacture "ambiguity where none exists" and the terms of the commercial lines insurance policy are "clear, definite, and specific." *Hobbs*, 214 Ill. 2d at 17; *Gillen*, 215 Ill. 2d at 393; *Mathis*, 302 Ill. App. 3d at 1029. Having found no ambiguity, we conclude that the circuit court correctly applied the governmental action exclusion to deny the McCanns' recovery.

¶ 26    In support of their respective positions, the parties cite a varied string of persuasive authority within their appellate briefs. Generally, one line of the cited cases interprets the applicability of fire policy exemptions when damage was incurred through conflagration related

8

to acts from civil authority orders.[2] The other line of cases interprets the policy exclusion at issue but does so in the context of "[s]eizure[s] or destruction of property" stemming from the execution of criminal search warrants.[3] Because these cases are non-Illinois matters that are factually inapposite and fail to address the unique issue presented, we refuse to adopt, or even borrow from, their reasoning.

¶ 27    As previously stated, the McCanns assert that the Village's demolition order only sanctioned damage to the adjacent building and not their own. Therefore, a narrow reading of the exclusion's phrase "by order of governmental authority" does not include the McCanns' property, as there was never an order of destruction against their property. However, reading the policy in its entirety, the exemption covers "loss or damage caused directly or indirectly" through the "destruction of property by order of governmental authority." A plain reading of these clauses together does not imply a separate order is required for the exemption to attach.

¶ 28                              III. CONCLUSION

¶ 29    The judgment of the circuit court of Iroquois County is affirmed.

¶ 30    Affirmed.

---

[2]For cases concerning conflagration from civil authority orders, the parties cite *Bankers Fire & Marine Insurance Co. v. Bukacek*, 123 So. 2d 157, 159 (Alaska 1960), *Hocking v. British America Assur. Co. of Toronto, Canada*, 113 P. 259, 260 (Wash. 1911), and *Conner v. Manchester Assur. Co.*, 130 F. 743 (9th Cir. 1904).

[3]For cases concerning seizures or destruction of property, the parties cite *Kao v. Markel Insurance Co.*, 708 F. Supp. 2d 472, 477 (E.D. Pa. 2010), *Alton v. Manufacturers & Merchants Mutual Insurance Co.*, 624 N.E.2d 545 (Mass. 1993), and *Danulevich v. Hartford Fire Insurance Co.*, 421 A.2d 559, 562 (Conn. Super. Ct. 1980).

*McCann Plumbing, Heating & Cooling, Inc. v. Pekin Insurance Co.*,
**2023 IL App (3d) 190722**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Iroquois County, No. 19-L-10; the Hon. James B. Kinzer, Judge, presiding. |
| **Attorneys for Appellant:** | Matthew J. Duco, of Spiros Law, P.C., of Danville, for appellants. |
| **Attorneys for Appellee:** | Robert Marc Chemers and Richard M. Burgland, of Pretzel & Stouffer, Chtrd., of Chicago, for appellee. |