2026 IL App (1st) 250997-U

SIXTH DIVISION

June 29, 2026

No. 1-25-0997

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SPECIALTY RISK OF AMERICA, an Illinois insurance corporation, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23CH2959 |
| THE JOHN'S DEN, INC., a dissolved Illinois corporation, doing business as SEAN'S RHINO BAR & GRILL, DANIEL GOLDEN and JOHN GOLDEN, | ) ) ) ) | Honorable Joel Chupack, Judge, presiding. |
| Defendants-Appellees. | ) ) | |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The circuit court did not err in finding plaintiff owed its insured a duty to defend in the underlying negligence action. The claims potentially fell within the policy's coverage, and plaintiff failed to establish either the designated-premises endorsement or the employment-related practices exclusion precluded coverage.

¶ 2     Plaintiff, Specialty Risk of America (SPRISKA), appeals from the circuit court's order granting the joint motion to reconsider filed by defendants, The John's Den, Inc., doing business as Sean's Rhino Bar & Grill (Rhino Bar), Daniel Golden, and John Golden, and finding that SPRISKA owed Rhino Bar a duty to defend in an underlying negligence action. On appeal, SPRISKA argues the court erred because the underlying bodily injuries occurred away from the insured premises and because the policy's employment-related practices exclusion barred coverage.

¶ 3                              BACKGROUND

¶ 4     Rhino Bar operated Sean's Rhino Bar & Grill at 10330 South Western Avenue in Chicago. SPRISKA issued Rhino Bar a commercial package policy, No. CPP1028463, for the policy period of February 28, 2022, through February 28, 2023. The policy included businessowners liability coverage.

¶ 5     In the underlying lawsuit, Daniel Golden and John Golden brought negligence claims against Rhino Bar arising from events that occurred during the early morning hours of July 9, 2022. The complaint alleged that Daniel and John were injured during an altercation that began inside Rhino Bar, continued outside the premises, and ultimately culminated in both men being shot.

¶ 6     The Goldens' alleged that Rhino Bar negligently failed to remove disruptive patrons, failed to deescalate verbal and physical altercations, failed to employ adequate staff, failed to properly train its staff, failed to properly supervise its patrons, failed to plan for the large number of patrons expected that evening, and requested Daniel to deescalate the situation. The complaint further alleged that Daniel was lawfully on Rhino Bar's premises and exited the bar in an effort to deescalate the altercation.

¶ 7    Daniel Golden was a Chicago police officer who was at Rhino Bar while off duty. Daniel was not involved in the initial altercation inside the bar. The record shows that, after the altercation moved outside, Daniel announced he was a police officer and followed several individuals south on Western Avenue. The confrontation continued near 104th Street and Artesian Avenue, where one of the individuals retrieved a firearm from a parked vehicle and Daniel and John were shot. It is undisputed the shooting itself did not occur inside Rhino Bar or immediately in front of the bar.

¶ 8    Rhino Bar tendered the defense of the underlying action to SPRISKA. SPRISKA accepted the tender under a reservation of rights and, on March 28, 2023, filed this declaratory judgment action seeking a determination that it owed no duty to defend or indemnify Rhino Bar in the underlying action. SPRISKA later filed a second amended complaint for declaratory judgment.

¶ 9    The policy's commercial liability coverage provided that SPRISKA would pay sums the insured became legally obligated to pay as damages because of bodily injury caused by an occurrence covered under the policy. The policy also provided that SPRISKA had the right and duty to defend any suit seeking damages that may be covered under the commercial liability coverage.

¶ 10    The policy identified the insured location as 10330 South Western Avenue in Chicago. The policy also contained a designated-premises endorsement, which listed the "Main Office" as 10330 South Western Avenue and provided, in relevant part, that SPRISKA would not pay for bodily injury or property damage, "that arises out of the ownership, maintenance, or use of premises other than those described above" or "that arises out of operations that are necessary or incidental to the ownership, maintenance, or use of premises other than those described above."

¶ 11    SPRISKA also relied on the policy's employment-related practices exclusion. That exclusion barred coverage for bodily injury or personal injury arising out of certain employment-

related practices, policies, acts, or omissions, including refusal to employ, termination of employment, discipline, discrimination, harassment, retaliation, and other employment-related practices. SPRISKA argued that the exclusion applied because the underlying complaint alleged, in part, that Rhino Bar failed to properly train and supervise its employees.

¶ 12    The parties filed cross-motions for summary judgment. SPRISKA moved for summary judgment on the basis the underlying injuries occurred away from Rhino Bar and did not arise out of the ownership, maintenance, or use of the insured premises. SPRISKA further argued the employment-related practices exclusion barred coverage for the negligent-training and negligent-supervision allegations. Rhino Bar and the Goldens' argued the allegations of the underlying complaint potentially fell within the policy's coverage and that no exclusion clearly eliminated SPRISKA' s duty to defend.

¶ 13    On January 17, 2025, the circuit court entered an order finding SPRISKA owed no duty to defend Rhino Bar. The court found that, although the altercation may have started at Rhino Bar, the injuries occurred too far removed in time, distance, and circumstances to be considered related to the bar's use. The court further concluded the injuries arose from a police arrest outside the premises.

¶ 14    Rhino Bar and the Goldens' filed a joint motion to reconsider. They argued the circuit court misconstrued the designated-premises endorsement and, under the policy's plain language, the endorsement did not bar coverage merely because the shooting occurred away from the insured premises.

¶ 15    On April 28, 2025, after briefing and arguments, the circuit court granted the joint motion to reconsider and found SPRISKA owed Rhino Bar a duty to defend. The court determined the

designated-premises exclusion was inapplicable and the underlying allegations potentially fell within the policy's coverage.

¶ 16    SPRISKA then moved for entry of a finding under Illinois Supreme Court Rule 304(a), which the circuit court granted on May 5, 2025. SPRISKA filed a timely notice of appeal on May 27, 2025. This appeal followed.

¶ 17

¶ 18                                   JURISDICTION

¶ 19    The circuit court granted Rhino Bar and the Goldens' joint motion to reconsider, vacated its prior ruling in favor of SPRISKA on the duty to defend issue, and found SPRISKA owed Rhino Bar a duty to defend in the underlying action. The court entered a finding on May 5, 2025. SPRISKA filed its notice of appeal on May 27, 2025. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 303 (eff. July 1, 2017) and 304(a) (eff. March 8, 2016).

¶ 20                                    ANALYSIS

¶ 21    SPRISKA contends the circuit court erred in finding that it owed Rhino Bar a duty to defend in the underlying action. Specifically, SPRISKA argues the Goldens' injuries occurred away from the insured premises and therefore fell outside the policy's designated-premises coverage. SPRISKA also argues the policy's employment-related practices exclusion barred coverage because the underlying complaint included allegations that Rhino Bar failed to adequately staff, train, and supervise its employees. Finally, SPRISKA argues the court erred in granting Rhino Bar and the Goldens' joint motion to reconsider.

¶ 22    Summary judgment is appropriate where the pleadings, depositions, admissions, affidavits on file, viewed in the light most favorable to the nonmoving party, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-

1005(c) (West 2024). Where the parties file cross-motions for summary judgment, they invite the court to decide the issues presented as questions of law. *Standard Mutual Insurance Company v. Lay*, 2013 IL 114617, ¶ 15. We review *de novo* the circuit court's ruling on cross-motions for summary judgment. *Id*. We also review *de novo* the construction of an insurance policy and the determination of whether an insurer has a duty to defend. *Hess v. Estate of Klamm*, 2020 IL 124649, ¶ 14; *Ragan v. Columbia Mutual Insurance Company*, 183 Ill. 2d 342, 349 (1998).

¶ 23　Likewise, we review *de novo* the circuit court's ruling on the motion to reconsider to the extent the motion asserted the court misapplied existing law. *Sacramento Crushing Corporation v. Correct/All Sewer, Incorporated*, 318 Ill. App. 3d 571, 577 (2000). Because the underlying question is whether the policy imposed a duty to defend, our review is *de novo*.

¶ 24　An insurer's duty to defend is broader than its duty to indemnify. *Outboard Marine Corporation v. Liberty Mutual Insurance Company*, 154 Ill. 2d 90, 125 (1992). To determine whether the duty to defend exists, the court generally compares the allegations of the underlying complaint within the relevant provisions of the insurance policy. *Crum & Forster Managers Corporation v. Resolution Trust Corporation*, 156 Ill. 2d 384, 393 (1993). If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer has a duty to defend. *Outboard Marine*, 154 Ill. 2d at 125. This holds true, even if the allegations are groundless, false, or fraudulent. *Id*.

¶ 25　In determining whether the duty to defend arises, the allegations of the underlying complaint must be liberally construed in favor of the insured. *United States Fidelity & Guaranty Company v. Wilkin Insulation Company*, 144 Ill. 2d 64, 73 (1991). Any doubts as to coverage are resolved in favor of the insured. *Id*. Also, where an insurer relies on an exclusion to deny coverage, the exclusion must be clear and free from doubt, and the insurer bears the burden of showing that the

claim falls within the exclusion. *Outboard Marine*, 154 Ill. 2d at 121. Exclusions are construed narrowly and against the insurer. *McCann Plumbing, Heating & Cooling Incorporated v. Pekin Insurance Company*, 2023 IL App (3d) 190722, ¶ 20.

¶ 26    We find that SPRISKA had a duty to defend Rhino Bar in the underlying action because the underlying complaint alleged that the Goldens were injured after an altercation began in Rhino Bar, continued outside the establishment, and resulted in a shooting. The complaint alleged, among other things, that Rhino Bar failed to remove disruptive patrons, provide adequate staff, properly train its employees, supervise its patrons, plan for the number of patrons expected, and requested Daniel to intervene in the altercation. Those allegations, liberally construed, potentially state a claim arising from Rhino Bar's operation of the insured premises. *United States Fidelity & Guaranty Company*, 144 Ill. 2d 64, 73 (1991).

¶ 27    SPRISKA argues the designated-premises endorsement precludes coverage because the shooting itself occurred away from Rhino Bar after Daniel identified himself as a police officer and pursued several individuals from the bar. SPRISKA emphasizes the firearm was retrieved from a parked vehicle away from the insured premises and the shooting occurred after the altercation became a police action. Those facts are relevant to causation and Rhino Bar ultimately may bear liability in the underlying action. But they do not eliminate SPRISKA's duty to defend unless they place the underlying claims clearly and entirely outside the policy's potential coverage. SPRISKA's designated-premises endorsement does not do so. The policy's liability coverage generally applied to bodily injury caused by an occurrence within the coverage territory during the policy period. The designated-premises endorsement listed the insured premises as "Main Office, 10330 S. Western Avenue, Chicago IL, 60643." It then added exclusions for bodily injury or property damage "that arises out of the ownership, maintenance, or use of premises other than

7

those described above" or "that arises out of operations that are necessary or incidental to the ownership, maintenance, or use of premises other than those described above."

¶ 28    By its plain language, the endorsement excludes coverage for injury arising out of the ownership, maintenance, or use of other premises. It does not state that coverage is limited to bodily injury occurring only at 10330 South Western Avenue, nor does it exclude every injury that occurs away from the scheduled premises. Had SPRISKA intended to limit coverage to injuries occurring only on the insured premises, it could have used language saying so. Instead, the exclusion applies where the injury arises out of the ownership, maintenance, or use of premises other than the scheduled premises.

¶ 29    The underlying complaint does not allege that the Goldens injuries arose out of Rhino Bar's ownership, maintenance, or use of another premises. Nor does it allege that Rhino Bar operated another bar, business, or location at 104th Street and Artesian Avenue. Rather, the complaint alleges that Rhino Bar's negligent security, staffing, training, supervision, and crowd-control practices at the insured bar allowed the altercation to begin inside the bar, continue outside, and culminate in the Goldens injuries. Whether the Goldens ultimately prove those allegations is not at issue at this stage of the appeal. The question is whether those allegations potentially fall within coverage, which they do.

¶ 30    SPRISKA relies on *Pekin Insurance Company v. Recurrent Training Center Incorporated*, 409 Ill. App. 3d 114 (2011), *United States Fire Insurance Company v. Schnackenberg*, 88 Ill. 2d 1 (1981), and *Heritage Insurance Company v. Bucaro*, 101 Ill. App. 3d 919 (1981), to argue there is no coverage where an injury occurs away from the insured premises. But those cases do not compel reversal.

¶ 31    In *Recurrent Training Center*, the policy contained an endorsement limiting coverage to injuries "arising out of" the ownership, maintenance, or use of the scheduled premises or operations necessary or incidental to those premises. *Recurrent Training Center*, 409 Ill. App. 3d at 116. The underlying claims arose from a plane crash that occurred approximately 170 miles from the insured's premises after the insured allegedly provided negligent flight training. *Id*. at 115. The court held the claims did not arise out of the ownership, maintenance, or use of the insured premises. *Id*. at 120-21.

¶ 32    Unlike *Recurrent Training Center*, the endorsement here is framed as an exclusion for injuries arising out of the use of other premises. The language does not necessarily restrict coverage only to injury arising out of the scheduled premises. That distinction matters because SPRISKA bears the burden of establishing the applicability of the exclusion. The allegations here concern negligent operations at the insured premises of a bar and grill, including failure to control patrons and deescalate an altercation that began there. At a minimum, the allegations create potential for coverage. *Outboard Marine*, 154 Ill. 2d at 121.

¶ 33    *Schnackenberg* and *Heritage* are also distinguishable. Those cases involved claims where the connection between the insured premises and the injury was too attenuated to establish coverage under the policy language at issue. But this case arises in the duty to defend context, and the underlying complaint alleges negligent conduct directly tied to Rhino Bar's operation of the insured premises. The fact that the final injury producing event occurred away from the bar does not, by itself, defeat the duty to defend where the underlying complaint alleges that Rhino Bar's covered operations set in motion the events leading to the injury and where the exclusion does not clearly apply.

¶ 34   SPRISKA's argument also does not give weight to the scope of the duty to defend. *United States Fidelity & Guaranty Co.*, 144 Ill. 2d 64, 73 (1991). At this stage, we do not decide whether Rhino Bar caused the Goldens' injuries, whether the off premises chase broke the causal chain, whether Daniel's conduct as an off-duty police officer defeats liability, or whether SPRISKA ultimately owes indemnity. Those questions may depend on facts developed in the underlying case. The only question before us now is whether the underlying allegations potentially fall within the policy's coverage and outside the exclusions. And construing the complaint and policy in favor of the insured, we find that they do.

¶ 35   Next, SPRISKA relies on the employment-related practices exclusion. The exclusion provides that SPRISKA does not pay for bodily injury or personal injury arising out of refusal to employ, termination of employment, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, sexual misconduct, retaliation, or other employment-related practices, policies, acts, or omissions.

¶ 36   SPRISKA argues that this exclusion applies because the underlying complaint alleged that Rhino Bar failed to employ adequate staff and failed to properly train and supervise its employees. But, when read in context, the exclusion applies to claims arising from employment-related practices directed at an employee or prospective employee, such as hiring, firing, discipline, harassment, discrimination, retaliation, or similar employment matters. The Goldens were not Rhino Bar employees or applicants for employment. Their underlying claims do not arise from an employment dispute, employment decision, workplace discipline, discrimination, harassment, or retaliation. Their underlying claims arise from alleged negligent security and crowd-control failures that allegedly resulted in injuries to third-party patrons.

¶ 37   Although the underlying complaint refers to Rhino Bar's staffing, training, or supervision of employees does not automatically transform the Goldens' negligence claims into employment-related practices claims. Accepting SPRISKA's interpretation would expand the exclusion to bar coverage whenever an insured business is alleged to have acted through inadequately trained or supervised employees. A broad reading would make the targeted employment-practices exclusion into an exclusion for ordinary negligence claims involving business operations. Illinois law requires exclusions to be construed narrowly, not expansively. *Outboard Marine*, 154 Ill. 2d at 121.

¶ 38   Moreover, even if some allegations concerning employee training or staffing implicated the exclusion, the underlying complaint also alleges other theories of negligence, including failure to remove disruptive patrons, failure to deescalate altercations, failure to supervise patrons, failure to maintain the premises in a reasonably safe condition, and requesting Daniel to intervene. If multiple theories of recovery are alleged against an insured, the insurer has a duty to defend if any theory potentially falls within coverage. *Wilkin Insulation Company*, 144 Ill. 2d at 73. Thus, the employment-related practices exclusion does not defeat SPRISKA's duty to defend.

¶ 39   Finally, SPRISKA argues the circuit court erred in granting Rhino Bar and the Goldens joint motion to reconsider because Rhino Bar and the Goldens' merely reargued matters already decided. But the purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in law, or errors in the court's previous application of existing law. *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25. Rhino Bar and the Goldens' motion asserted the circuit court misconstrued the designated-premises endorsement and therefore misapplied the law governing SPRISKA's duty to defend. The court agreed and corrected its prior ruling. Because our review is *de novo*, we may affirm the circuit court's judgment on any basis supported by the record,

and the relevant question here is whether the April 28, 2025, judgment finding a duty to defend was legally correct. For the reasons stated above, it was.

¶ 40 Accordingly, we find the underlying allegations potentially fall within the policy's coverage and SPRISKA failed to establish that either the designated-premises endorsement or the employment-related practices exclusion clearly barred coverage. The circuit court did not err in finding SPRISKA owed Rhino Bar a duty to defend in the underlying action.

¶ 41                                          CONCLUSION

¶ 42 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 43 Affirmed.